Prescott *v.* Brown.

Sarah Prescott *versus* Nathaniel Brown.

If the wife survive the husband, she cannot maintain an action for her personal labor, performed for another during the coverture, and for which the husband had not received payment, where there is no express promise of payment to herself.

Assumpsit for services alleged to have been by her performed for the defendant in washing clothes. The plaintiff, at the time of the commencement of the suit, was the widow of David Prescott, whose estate was insolvent. The plaintiff proved the services charged to have been performed personally by her, while she was the wife of said·David, but did not show any promise by the defendant to pay her personally. The defendant filed in set-off an account against her late husband,

and proved a greater amount to be due to him, than the claim in suit. CHANDLER, Judge of the Eastern District Court, presiding at the trial, directed a nonsuit, to which the plaintiff filed exceptions.

*Fuller*, for the plaintiff, contended that as the plaintiff was the meritorious cause of action, and as the claim was not paid during the life of her late husband, it survived to her. The husband having deceased before payment, and the plaintiff's legal disability having been removed by his death, she may sustain the suit in her own name. Chitty on Pl. 19; Chitty on Con. 42; 1 Swift's Dig. 37; 1 Black. Com. 349; 2 Conn. R. 564; 2 Verm. R. 302; 17 Mass. R. 57; 20 Pick. 517, 556; 1 R. & M. 102; Cro. Jac. 77, 205; 2 M. & S. 396; 16 Mass. R. 480; 3 N. H. R. 129.

*B. Bradbury*, for the defendant, said that it was well settled, that the earnings of the wife during coverture are the property of the husband. The right in the husband is absolute, and on his decease, the cause of action must be enforced by the administrator, and does not survive to the wife. Reeves' Dom. Rel. 60, 130; 7 Pick. 65; 8 Pick. 211; 10 Pick. 463; Bac. Abr. Baron & Feme, K.

The opinion of the Court was drawn up by

SHEPLEY J. — The plaintiff, being the widow of David Prescott deceased, brings this suit to recover for services performed in washing for the defendant, while she was a feme covert residing with her husband.

The counsel for the plaintiff contends, that, she being the meritorious cause, an action might have been maintained for those services in the name of the husband and wife during the life of the husband. And that, when the wife may be joined, the cause of action survives to her. The elementary writers cited appear, to sustain these positions, with this qualification, that she may be joined, when the cause of action being for her personal labor there is an express promise to her. In the case of *Pratt & ux.* v. *Taylor*, Cro. Eliz. 61, an action by husband and wife was maintained on an express promise to

the wife by the defendant, that he would repay to her, if he did not marry her daughter, ten pounds, which he had before received from her. In the case of *Brashford* v. *Buckingham & ux.* Cro. Jac. 77 & 205, the action was sustained by a husband and wife, on a promise made to the wife to pay her for her services in curing a wound. And in *Weller* v. *Baker*, 2 Wil. 424, this case is approved, and it is stated, that a like doctrine was held in the case of *Holmes & ux.* v. *Wood.* And it is stated by Comyn, that where the wife cannot have an action for the same cause, if she survive her husband, the action shall be by the husband alone. Com. Dig. Baron & Feme, W. In *Buckley* v. *Collier*, 1 Salk. 114, it was decided, that the husband and wife could not maintain an action for the labor of the wife in making a peruke, without an express promise to the wife. If these authorities were admitted to state the law in all respects with entire accuracy, the result would seem to be, that the wife, surviving her husband, would have the right to recover for her personal labor, performed for another during the coverture, if payment had not been made to the husband, and to apply the proceeds to her own use, if she could prove an express promise to herself. And her right of property in such personal labor would depend upon her obtaining such a promise.

By the common law the service and labor of the wife during coverture becomes the property of the husband for their support, for which he is bound to provide. It is difficult to perceive, how she can be said to have a property in such personal labor, which survives to her, when the right of property therein was appropriated to the husband by the marriage. And in the case of *Buckley* v. *Collier*, it is said, " the advantage of the wife's work shall not survive to the wife, but goes to the executors of the husband." And no case has been noticed in which a different doctrine has been held. But whatever may be the rule of law in this respect, the plaintiff cannot maintain this suit without proving an express promise to herself, and the testimony does not furnish any such proof.

*Plaintiff nonsuit.*