[In Bank. — May 30, 1883.]

FRANCIS M. MATTHEW AND NANCY MATTHEW, RESPONDENTS, v. THE CENTRAL PACIFIC RAILROAD CO., APPELLANT.

DAMAGES — PERSONAL INJURIES TO WIFE — EXTENT OF RECOVERY IN ACTION BY HUSBAND AND WIFE. — In an action for damages for personal injuries to the wife, the husband must be made a party plaintiff, but the recovery cannot extend to any matters for which the husband must sue alone, as loss of service and the like.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court

*Glassel, Smith & Patton*, for Appellant.

*Brunson & Wells*, and *Eb. Williams*, for Respondents.

PER CURIAM. — Action for damages. The complaint charges that on the 11th of March, 1880, the plaintiff, Nancy Matthew, was a passenger in a passenger coach in one of the ·defendant's trains of cars en route from Sacramento to Los Angeles, and

that while at a station on the line of the road she was, by the negligent starting of the train, violently thrown to the floor of the car, thereby receiving great and permanent injuries. The plaintiffs are the said Nancy Matthew, and her husband, Francis M. Matthew.

The ground of the action is the wife's personal injuries. The cause of action is hers. The husband was joined as a plaintiff because the common-law rule requiring that he do so is yet in force. But the husband could not himself recover for the personal injuries sustained by the wife. He might, however, recover such damages as he has suffered *in consequence* of such injuries. Under this head fall the loss of the wife's services to the husband, and such expenses as he may have been put to by reason of the injuries. Such *consequential* damage constitute the husband's cause of action, and in a suit to recover it the wife could not join.

These views will be found supported by the following authorities: *Sheldon* v. *Steamship Uncle Sam*, 18 Cal. 526; 1 Chitty's Pl. 73; Bliss on Code Plead. § 27; Pomeroy's Civil Rem. § 191; *Fuller et ux.* v. *Naugatuck R. R. Co.* 21 Conn. 571. It results, necessarily, that in the joint action of husband and wife for the personal suffering of or injury to the wife, the recovery cannot extend to any matter for which the husband must sue alone; and it was expressly so decided in the case of *Sheldon* v. *Steamship Uncle Sam*, 18 Cal. *supra*, whence it follows that the court below erred in instructing the jury in the case at bar that, in awarding damages to the plaintiffs they should take into consideration the loss of the services of the wife to the husband, and the value of such services.

Judgment and order reversed, and cause remanded for a new trial.