66   247
87   468

66   247
101  593

66   247
110  290
110  487

66   247
130  287

[No. 9,553.   Department One.—December 19, 1884.]

## HENRIETTA K. TELL AND WILLIAM TELL, RESPONDENTS, v. C. W. GIBSON, APPELLANT.

PLEADING—ACTION FOR PERSONAL INJURIES—HUSBAND AND WIFE.—An action for personal injuries to the wife must be brought in the name of the husband and wife ; but an action for consequential injury to the husband, such as the loss of his wife's services, and expenses incurred by reason of her injuries, must be brought in the name of the husband alone ; and a complaint by the husband and wife, in which such causes of action are joined, is demurrable.

ID.—Overruling a demurrer in such a case will warrant a reversal, notwithstanding the plaintiffs abandoned at the trial all claim for such damages as the husband should have sued for alone, if evidence of such damages were given to the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Thomas B. Brown*, and *A. W. Hutton*, for Appellant.

*H. K. S. O'Melveny*, and *Horace Bell*, for Respondents.

McKEE, J.—This was an action by husband and wife to recover damages for personal injuries to the wife, caused by her falling through an open hatchway into the cellar of a store occupied by the defendant.   It is alleged in the complaint that the wife was thereby permanently injured, and, in consequence of the injury, " was confined to her bed for thirty days, and was compelled to expend two hundred dollars for medical attendance, and for care and nursing, during said time; and is now, in great part, deprived of her own services in and about her work, and

permanently disabled to perform the same." For those elements of damage, and " the great mental and physical pain she has suffered in consequence of the injuries," the husband and wife demanded judgment in the sum of $5,000.

There was a demurrer to the complaint upon several grounds, the chief of which was, that several causes of action, viz: a cause of action for the personal injuries to the wife, a cause of action for the loss of the services of the wife resulting from the injuries, and a cause of action for moneys expended for medical attention and nursing, were improperly joined without being separately stated. The demurrer was overruled, and the defendant filed an answer containing specific denials of the allegations of the complaint, and setting up contributory negligence of the wife.

The demurrer ought to have been sustained. It is a well settled rule of law, that if a wife be injured in person or property, she cannot sue for redress without her husband's concurrence, and in his name as well as her own. That was the rule of the common law, and is the rule of the Code of Civil Procedure. The exceptions to the rule under the code are:

1. When the action concerns her separate property, or her right or claim to the homestead property.

2. When the action is between herself and husband.

3. When she is living separate and apart from her husband, because of desertion by him, or in consequence of an agreement in writing executed by both.

In such cases the wife may sue alone; but for a personal injury to the wife, suit must be brought in the name of the husband and wife. Yet the wrongful act which caused the injury to her may involve two distinct wrongs, for which the law gives two distinct causes of action: one to the wife, to recover damages for the injury to her; another to the husband, to recover damages for the consequential injury to him caused by the loss of the services of his wife, and the expenses incurred by her injuries. For the consequential injuries to himself, the husband may sue alone. For the direct injury to the wife, husband and wife must sue, and the two causes of action cannot be joined in one suit. That is permissible in the English court under the Common Law Procedure Act of 1852; and by the provisions

of that act of procedure, where separate actions are pending upon such distinct causes of action, the court is authorized to consolidate them and try them in its discretion, together or separately, in one case.   (Addison on Torts, 952.)

But in our Code of Civil Procedure there is no such provision; therefore, in the language of the Supreme Court of Pennsylvania, " as this suit was brought for the use of the wife, it is manifest no recovery can be had for any loss the husband may have sustained, and for which he alone could bring suit. It is equally clear that the husband is entitled to the earnings of his wife, and is liable for her support and maintenance. If by reason of the accident the earning power of the wife was diminished, the loss, in a legal sense, is the loss of the husband. If physicians' bills, medicines and expenses of nursing were incurred, the husband would be liable for their payment.  (*King* v. *Thompson*, 87 Pa. St. 365.   See also *Reynolds* v. *Robinson*, 64 N. Y. 589 ; *Musselman* v. *Gallagher*, 32 Iowa, 383 ; *Prescott* v. *Brown*, 23 Me. 305 ; *Filer* v. *N. Y. Cent. R. Co.*, 49 N. Y. 47 ; *Matthew* v. *C. P. R. R. Co.*, 63 Cal. 456.)

But it is urged that the error in overruling the demurrer was error without injury, because, at the trial, plaintiffs offered no evidence of the loss of services of the wife, or of expenses incurred for medical attendance and nursing; and, therefore, the jury could not have considered the elements of damage to the husband in rendering their verdict.

But it is apparent from the record that the error runs through the proceedings in the case, for the issues made by the pleadings involved the general and special damages specified in the complaint, and for which judgment was demanded.   On the trial of these issues, the wife testified as a witness in behalf of herself and husband, and the husband in behalf of himself and wife ; and in the course of the examination of the wife, after she had given testimony as to the nature and extent of her injuries, the number of doctors that attended on her, and her inability to render services in the performance of her household duties, to the latter part of which objection was taken, which was overruled and defendant excepted, she was asked by her counsel this question:

" Question by plaintiffs.—What would you estimate, counting

the pain that you have suffered, and the pain and inconvenience that you now suffer, and your inability to take care of yourself and do your work—what would you consider a fair compensation in money damages ? "

" To this question defendant objected, on the ground that it is irrelevant, immaterial, and incompetent," etc.

But the objection being overruled, against the exception of the defendant, she answered: " Five thousand dollars." This was the exact sum demanded in the complaint for the injuries to the wife, for the loss of her services, and for the medical attention, care and nursing consequent upon her injuries. It is true that afterwards, in the course of the examination in chief of the husband, upon an objection taken by defendant to a portion of his testimony as to the working power of the wife, the following occurred between the court and plaintiffs' counsel:

" Counsel.—We don't charge anything on account of the loss to plaintiff, Wm. Tell.

" The Court.—The question of the husband's payments or compensation is, I believe, abandoned.

" Counsel.—Yes, sir.

" Counsel.—Of course, those parts of our complaint on which we are not permitted to give testimony are understood to be stricken out.

" The Court.—Well, no ; they are not in the case."

Yet the court, over the objection of the defendant, admitted the testimony.

Besides, one of the doctors, who had rendered professional services to the wife for the injury, was asked, against the exception of the defendant, this question :

" Question by plaintiffs.—From the character of the injury, doctor, and for a person in Mrs. Tell's position in life, where she has to wait upon herself—doing her own work—what would you consider as compensation for such an injury, if you could state it ? "

In answer to which he testified:

" I don't know that I can state it—the exact amount in dollars and cents ; to my own person, I should put it at a great many thousands of dollars ; to others, at hundreds. I should think that the damage would be estimated according to the

amount of work and exertion a person would have to make to support themselves and family."

Manifestly, all these questions and answers were predicated, in part at least, upon the loss of the services of the wife. There was, therefore, evidence before the jury as to the elements of damage for the injury consequential to the husband; and as the case was presented to the jury without any instructions to them to disregard such evidence, it cannot be said that the defendant's rights were not prejudiced by the overruling of the demurrer to the complaint, or of the objections taken to the questions asked of the witness; nor can it be said that the jury did not take into consideration damages for medical services to the wife, or for loss of the wife's services, in making up their verdict.

Judgment and order reversed, and cause remanded for a new trial.

McKINSTRY J.. and ROSS, J., concurred.