Opinion adopted May 11, 1888.

---

## No. 6306.

### S. W. FORDYCE, RECEIVER, *v.* MARY A. DIXON ET AL.

1. ASSIGNMENT OF ERROR.—An assignment of error which is neither signed by the complaining party nor by his counsel can not be considered. When signed by neither, only such fundamental errors as are apparent on the face of the record can be considered.
2. PARTIES.—The presumption will be indulged that the wife and children were properly made parties plaintiff to a suit instituted during the life of a deceased husband and father to recover damages for an injury inflicted on the wife, when the cause of action survives.
3. RECEIVER—ACTION.—When a receiver appointed by a federal court resigns during the pendency of a suit brought against him under permission of the court appointing him, it is not necessary to obtain permission to prosecute the suit against his successor in the receivership.

Even were it otherwise the failure to obtain a renewal of the consent would not constitute such error as would authorize the reversal of a judgment rendered against such receiver, in the absence of exceptions urged in proper time and manner, and in the absence of a proper assignment of error.

ERROR from McLennan. Tried below before the Hon. Eugene Williams.

*Clark, Dyer & Bollinger,* for plaintiff in error: A suit for damages resulting to husband for loss of society and services of wife does not survive to his heirs, but depending upon the relation of husband and wife, is abated by his death. (Rev. Stats., art. 1246; Taney v. Edwards, 27 Texas, 225; Gibbs v. Belcher, 30 Texas, 79.)

*Alexander & Winter,* for defendants in error.

STAYTON, CHIEF JUSTICE. This action was originally brought by W. M. Dixon, with leave of the circuit court of the United States, against W. R. Woodward, receiver, appointed by that court to conduct the business of the Texas & St. Louis Railway Company, to recover damages for injuries alleged to have been received by his wife while a passenger on the train operated by the receiver.

Woodward resigned, and the plaintiff in error was appointed to the receivership in his stead, and made party defendant. Dixon died pending the action, and his wife, in her own right, and as next friend for their minor children, prosecuted the action to final judgment. No exceptions were taken and acted upon to the making of parties plaintiff or defendant, and a judgment was rendered in favor of the plaintiffs.

There is no statement of facts, and the assignments of error are not signed by counsel or the plaintiff in error. Rule 97 requires an assignment of error to be signed by the party or his counsel, and one not so signed can not be considered. In this state of the record, only error fundamental can be considered.

Although the damages to be recovered for injuries to the wife would have been community property, the cause of action did not cease upon the death of the husband. The wife and children doubtless succeeded to such rights as were held by the husband and wife, and if they were not the proper parties to prosecute the existing cause of action, a matter which

Argument for the appellants.

need not be considered, objection should have been made in proper time and manner. The charge of the court shows that the recovery was restricted to such cause of action as would survive the death of the husband.

The permission of the circuit court of the United States to bring the action against its receiver, would apply to the receiver appointed on the resignation of the receiver acting at the time the permission was given. If, however, this were not so, and it be conceded that such permission should have been re-obtained, the failure to get this would not be such error as would require a reversal of the judgment, in the absence of exceptions urged at the proper time and in proper manner, and in the absence of assignments of error.

There is no errer apparent on the record requiring a reversal of the judgment, and it will be affirmed.

*Affirmed.*