[Civ. No. 118. First Appellate District.—January 2, 1906.]

## MAGDALENA GOMEZ et al., Respondents, v. MICHAEL J. SCANLAN et al., Appellants.

PARTIES—HUSBAND AND WIFE—TORT TO WIFE.—A husband and his wife are properly joined as parties plaintiff in an action to recover damages for her false imprisonment, and upon his death *pendente lite*, his legal representative is properly substituted in his place.

POLICE OFFICER—UNAUTHORIZED ACT IN EXECUTING VALID WRIT—SURETIES.—If a police officer has in his possession a valid writ or order, and claiming, and even believing, that he is acting within the scope of such writ or order, performs an illegal or unauthorized act as to the party against whom the writ or order runs, or as to a third party, then he is liable, and also his sureties to the extent of their bond.

ID.—FALSE IMPRISONMENT UNDER SEARCH-WARRANT.—A constable, having in his hands a valid search-warrant authorizing him to search certain premises for certain alleged stolen personal property, who, while executing the writ, maliciously and with force imprisons the owner of the premises, is liable for such false imprisonment, as are also the sureties on his official bond.

APPEAL from a judgment of the Superior Court of Contra Costa County. William S. Wells, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, and R. H. Latimer, for Appellants.

W. M. Cannon, and H. V. Alvarado, for Respondents.

COOPER, J.—This action was brought to recover damages, in the sum of $500, against defendant Scanlan, as constable, and the other defendants as sureties on his official bond, for false imprisonment. The case was tried before a jury, and a verdict rendered for plaintiff in the sum of $500. This appeal is from the judgment on the judgment-roll without a bill of exceptions.

The action was brought by John H. Gomez and Magdalena Gomez, his wife, for false imprisonment and wrongs committed by defendant Scanlan on the person of the wife. Defendants claim that their demurrer, which was on the

ground of misjoinder of plaintiffs, should have been sustained, for the reason that the right to recover damages by the wife is in the nature of a chose in action, is community property, and, like the damages when recovered, subject to the control, power and management of the husband; and hence, being community property, the husband is the only necessary and proper party plaintiff. While ordinarily the rule is that the wife is not a proper party in an action to recover community property, this class of cases forms an exception. The rule has been recognized in this state in many cases, of which the following are a few: *Sheldon* v. *Steamship Uncle Sam,* 18 Cal. 527, [79 Am. Dec. 193]; *Matthew* v. *Central Pacific R. R. Co.,* 63 Cal. 451; *Tell* v. *Gibson,* 66 Cal. 274, [5 Pac. 223]; *McKune* v. *Santa Clara Valley etc. Co.,* 110 Cal. 480, [42 Pac. 980]. The claim that after the death of the husband, the administratrix of the estate should not have been substituted, and that by such substitution there was an improper joinder of the parties plaintiff, is equally without merit. The husband having been a necessary and proper party to the action when it was commenced, his legal representative became such upon his death and the appointment of such legal representative. (*Newton and Wife* v. *Hatton,* 2 Ld. Raym. 1208; Schouler on Domestic Relations, 5th ed., sec. 77; *Fordyce* v. *Dixon,* 70 Tex. 694, [8 S. W. 504].)

It is further urged that the complaint does not state facts sufficient to constitute a cause of action as against the defendants who are sureties, for the reason that it shows that the wrongful acts complained of were done by the constable in his official capacity. The case of *Felonicher* v. *Stingley,* 142 Cal. 630, [76 Pac. 504], is relied on. In that case there was no allegation that the constable had any writ or order directing him to do anything, and the complaint did not state any facts showing or tending to show that the wrongs complained of were done by the constable while acting in his official capacity. It was said in the opinion: "The weight of authority and the rule in this state is that the officer and his sureties are responsible for every abuse of his official powers. When he has in his hands a valid writ, and under cover of the writ, claiming to act under it, he goes beyond it and commits a trespass, his sure-

ties are liable.'' The facts alleged bring the case at bar within the above rule. The complaint alleges that the defendant Scanlan had in his hands a valid search-warrant, ''purporting to authorize said defendant Scanlan to search the premises of the plaintiffs in said town for certain personal property claimed by said Scanlan to have been stolen; that acting in his official capacity as such constable, and pretending to be authorized so to do by such search-warrant, said defendant Scanlan did then and there maliciously and with force imprison the said plaintiff Magdalena Gomez, and deprive her of her liberty for the space of two hours; and while so imprisoned and deprived of her liberty said defendant Scanlan, pretending to be authorized so to do by such search-warrant, maliciously and by force and threats of violence, caused the clothing of said plaintiff to be removed from her body and searched, and her person exposed to the view of said defendant and another person present.'' If the above allegations are not sufficient to show a liability on the sureties, it would be difficult to show such liability. When an officer performs an act in strict accordance with the directions of a valid writ, and in the line of his official duty, neither he nor his sureties are responsible. If he willfully performs such act without any valid process and outside his official duty, he alone is responsible in damages. If he has in his possession a valid writ or order, and, claiming and even believing that he is acting within the scope of such writ or order, performs an illegal or unauthorized act as to the party against whom the writ or order runs, or as to a third party, then he is liable, and also his sureties to the extent of their bond. The condition of the defendant's bond was that he would well, truly and faithfully perform the official duties required of him by law. He was not so faithfully performing his official duties when he did the acts set forth in the complaint.

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 31, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 1, 1906.