[L. A. No. 3255. In Bank.—June 3, 1914.]

HARRY H. MOODY et al., Appellants, v. SOUTHERN
    PACIFIC COMPANY (a Corporation), et al., Re-
    spondents.

STATUTE OF LIMITATIONS—APPLICATION TO MARRIED WOMEN—RULE AT
    COMMON LAW.—Under the common law, where upon marriage the
    legal rights of a woman were suspended, the statute of limitations
    for her protection was also suspended and not allowed to run against
    any cause of action which might have been enforced by her except
    for the disability of marriage. In more modern times the wife,
    having been freed from many of the common-law disabilities arising
    from her marriage, the legislatures have to a corresponding extent
    provided that the statute of limitations may be made to run against
    her.

ID.—ACTION BY MARRIED WOMAN—NECESSITY OF HUSBAND BEING MADE
    PARTY AS AFFECTING LIMITATIONS.—In this state, in so far as a
    married woman is entitled to bring an action without joining her
    husband, all limitations as to the time of commencement of the
    action may be urged against her suit; but where the husband is a
    necessary party with her, she is deemed to be under disability as to
    the commencement of the action and the limitation of time cannot
    be urged.

ID.—PERSONAL INJURIES TO MARRIED WOMAN—STATUTE OF LIMITATIONS.
    In an action by a married woman to recover damages for personal
    injuries suffered by her, she is entitled to the benefit of section
    352 of the Code of Civil Procedure, providing that "if a person en-
    titled to bring an action, mentioned in chapter 3 of this title, be,
    at the time the action accrued, . . . a married woman, and her hus-
    band be a necessary party with her in commencing such action;—
    the time of such disability is not a part of the time limited for the
    commencement of the action."

ID.—ACTION BY WIFE FOR PERSONAL INJURIES—HUSBAND AS PARTY.—
    In an action to recover damages for personal injuries to a married
    woman, the husband is a necessary party, as is also the wife.

ID.—INJURY TO MARRIED WOMAN—TWO CAUSES OF ACTION—PARTIES.—
    While the husband may have a separate action, which he is entitled
    to maintain in his own name for damages caused him by reason of
    his wife's injuries, such as the loss of her service and medical and
    other expenses incurred, for those damages which are purely per-
    sonal to the wife, such as her pain, suffering, etc., the wife is a
    necessary party.

ID.—JOINDER OF CAUSES OF ACTION NOT PERMISSIBLE.—These two causes
    of action cannot be joined, but must be made the subject of separate
    suits.

Id.—Cause of Action for Injury to Wife as Community Property—Wife Necessary Party.—Although a right of action for damages for suffering due to personal injuries to a married woman is community property, she is a necessary party thereto.

Id.—Change of Rule by Code Amendment—Prospective Operation.—The amendment of 1913 to section 370 of the Code of Civil Procedure, whereby the wife may sue alone in such actions, does not apply to an action begun before the adoption of the amendment.

APPEAL from a judgment of dismissal of the Superior Court of Los Angeles County. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Crouch & Crouch, for Appellants.

J. W. McKinley, W. R. Millar, and A. W. Ashburn, Jr., for Respondents.

SHAW, J.—This cause was transferred to the district court of appeal and therein, upon an opinion by Mr. Justice James, the judgment was reversed. Thereupon this court vacated that decision and transferred the cause to the supreme court. Upon further consideration we are satisfied with the reasoning and conclusion of the learned justice of the district court and adopt his opinion as the opinion of this court. It is as follows:

"This action was brought to recover damages for personal injuries alleged to have been suffered by the plaintiff Claire Moody through the negligence of defendant corporation in the management of a train upon which the said plaintiff was a passenger. The negligent acts were alleged to have been committed on the 22d day of May, 1907, and the complaint in the action was filed on January 2, 1912. Defendant interposed a demurrer to plaintiffs' complaint, setting up, first, the general ground that sufficient facts were not stated to constitute a cause of action, and the further ground that the alleged cause of action was barred by the provisions of sections 337, 338, 339, and 340 of the Code of Civil Procedure. This demurrer was sustained by the court, and no amended complaint being filed within the time allowed, judgment of dismissal was entered, from which judgment this appeal is taken.

"Harry H. Moody, the coplaintiff of Claire Moody, was the husband of the latter, and the preliminary portion of the complaint contained the following allegation: 'That during all the times herein mentioned plaintiffs, Harry H. Moody and Claire Moody, were, and still are, husband and wife; and during all times mentioned, and ever since said times, plaintiffs have lived together.' The complaint sufficiently stated a cause of action, as is admitted by counsel for respondents, the respondents' sole contention being that the judgment of the court was correct because the statute of limitations had interposed to bar a right of recovery. Appellants answer this contention with the argument that the husband was a necessary party to this action and that such being the case, plaintiff Claire Moody, as a married woman, was entitled to the benefit of the provisions of subdivision 4 of section 352 of the Code of Civil Procedure. The section referred to, in that part which is material to a consideration of this question, reads as follows: 'If a person entitled to bring an action, mentioned in chapter three of this title, be, at the time the cause of action accrued, . . .: 4. A married woman, and her husband be a necessary party with her in commencing such action:—the time of such disability is not a part of the time limited for the commencement of the action.'

"Under the common law, where upon marriage the legal rights of a woman were suspended, the statute of limitations for her protection was also suspended and not allowed to run against any cause of action which might have been enforced by her except for the disability of marriage. In more modern times the wife having been freed from many of the common-law disabilities arising from her marriage, the legislatures have to a corresponding extent provided that the statute of limitations may be made to run against her. (Wood on Limitations, sec. 240.) In this state, in so far as a married woman is entitled to bring an action without joining her husband, all limitations as to the time of commencement of such action may be urged against her suit. Where, however, the husband is a necessary party with her she is deemed to be under disability as to the commencement of the action and the limitation of time cannot be urged. It has been settled by our supreme court that in an action brought for damages by reason of personal injuries caused to the wife, the husband

is a necessary party, as is also the wife. (*McKune* v. *Santa Clara V. M. & L. Co.*, 110 Cal. 480, [42 Pac. 980], and cases therein cited.)  In the decision in that case it is pointed out that, while the husband may have a separate action which he is entitled to maintain in his own name for damages which are caused to him by reason of his wife's injuries, such as the loss of her service and medical and other expenses incurred, for those damages which are purely personal to the wife, such as her pain and suffering, etc., the wife is a necessary party. These two causes of action, it is also held, cannot be joined, and must be made the subject of separate suits.  Counsel for respondents cite the cases of *Martin* v. *Southern Pacific Co.*, 130 Cal. 285, [62 Pac. 515], and *Basler* v. *Sacramento Gas & Electric Co.*, 158 Cal. 514, [Ann. Cas. 1912A, 642, 111 Pac. 530], and contend that the conclusions expressed in these decisions on the point here urged, are at variance with the holding in the McKune case.  A close examination of the decisions cited will show that they contain no statement of the law contrary to the expressions occurring in the McKune case.

"The order sustaining the demurrer to plaintiffs' complaint, under the statute and authorities cited, seems to have been improperly made."

The rehearing was granted chiefly for the purpose of again considering the previous decisions of this court upon the subject.

In this state all property acquired by a husband or wife during marriage, and while they are living together, is community property, except that which is acquired by gift, devise, or descent.  At common law, property acquired by either spouse during marriage, otherwise than by gift, devise, or descent to the wife, was the separate property of the husband. A right of action for damages caused by personal injuries to the wife during marriage is property.  By the common-law rule it was the separate property of the husband.  According to the rule in this state it is community property.  The husband has the like absolute power to dispose of the community property, other than household goods and clothing, that he has of his own separate property, except that he cannot make a gift thereof without the consent of the wife.  (Civ Code, sec. 172.)  In general, the husband is the only party entitled to sue in respect to community property and the wife is

neither a necessary nor a proper party to such suit. So far as we are advised, the sole exception to this rule is the case of an action for damages for injury and suffering of the wife caused by a personal injury to her. In such cases it has become the settled rule in this state that the wife is a necessary party. We speak here only of causes of action for the pain and suffering endured by the wife. A different cause of action arises for the recovery of consequential damages to the husband for the loss of her services or for expenses for her treatment for the injury, and for that cause the husband is the sole party plaintiff. (*McKune* v. *Santa Clara etc. Co.,* 110 Cal. 480, 487, [42 Pac. 980]; Schouler on Husband and Wife, sec. 142.)

Although at common law the cause of action for the wife's suffering was the separate property of the husband, it was settled that the wife was a necessary party to the suit, the reasoning being that, as the authorities express it, she was the "meritorious cause of action," and that in case of his death pending the suit the cause of action would survive to her. (10 Ency. of Plead. & Prac., 205; Schouler on Husband and Wife, sec. 142.) It did not *descend* to her, as does the community property in this state; it remained to her as the survivor and she could continue the prosecution of the action in her own name after his death. (Id.) The early decisions in this state declared that the wife was a necessary party to the action. (*Sheldon* v. *Steamship "Uncle Sam,"* 18 Cal. 526, [79 Am. Dec. 193]; *Matthew* v. *Central Pacific R. R.,* 63 Cal. 450; *Tell* v. *Gibson,* 66 Cal. 247, [5 Pac. 223].) These decisions were based on the decisions at common law, but did not mention the fact that the right of action in this state was community property. In *McFadden* v. *Santa Ana etc. Co.,* 87 Cal. 464, [11 L. R. A. 252, 25 Pac. 681], the question arose whether in such an action the contributory negligence of the husband would bar a recovery in such an action. It was for the first time held that the right of action was community property, enuring directly to the benefit of the husband, and that, as he could not be allowed to benefit from his own wrong, his contributory negligence would defeat the action. Ever since this decision the courts have held it to be community property, but, following the common-law rule, they have also uniformly declared that the wife is a necessary party to an

action for its recovery.   (*Neale* v. *Depot Ry. Co.*, 94 Cal. 429, [29 Pac. 959]; *McKune* v. *Santa Clara etc. Co.*, 110 Cal. 480, [42 Pac. 980]; *Paine* v. *San Bernardino etc. Co.*, 143 Cal. 658, [77 Pac. 659]; *Gomez* v. *Scanlan*, 155 Cal. 530, [102 Pac. 12]; *Gomez* v. *Scanlan*, 2 Cal. App. 579, [84 Pac. 50]; *Justis* v. *Atchison etc. Co.*, 12 Cal. App. 642, [108 Pac. 328].)   In *Lamb* v. *Harbaugh*, 105 Cal. 691, [39 Pac. 56], and *Williams* v. *Casebeer*, 126 Cal. 82, [82 Pac. 376], the court decided that the wife could not sue alone for such injuries.

We are now asked to overrule these decisions.   The argument is that the right of action is community property, of which the husband has sole control and power of disposition, that even the title thereto is vested in him so that upon his death the title goes to the wife by descent and not by survivorship (Civ. Code, sec. 1402), that there is no ground for any distinction between this right and other community property and that, consequently, an action upon it should be governed by the code rule that "every action must be prosecuted in the name of the real party in interest" (Code Civ. Proc., sec. 367); whereupon it would follow that the husband is the only proper party plaintiff in such an action.   The reasoning is forceful, but the rule has been followed so long and so often that it should be considered settled.   The proposition that, although the right of action is community property, yet the wife is a necessary party in this particular class of cases, is no more illogical than the rule at common law that the wife must join though the right was the separate property of the husband.   The reasons for the decisions under the common law are applicable to the case where the right is community property, as fully and completely as to the case where it is the husband's separate property.   The remedy for any hardships or anomalies resulting from this long settled rule rests with the legislature.   It may be remarked that it has acted in the matter by the amendment of 1913 [Stats. 1913, p. 217] to section 370 of the Code of Civil Procedure, whereby the wife may sue alone in such actions.   This amendment was enacted after this action was begun and it does not affect this case.

The judgment is reversed.

Sloss, J., Angellotti, J., Lorigan, J., Henshaw, J., and Melvin J., concurred.