[Civ. No. 1987.   Second Appellate District.—May 11, 1916.]

ALICE MORTELL, Appellant, v. LOS ANGELES COLLEGE OF OSTEOPATHY (a Corporation), Respondent.

ACTION FOR MALPRACTICE—PARTIES—HUSBAND AND WIFE—ACTION BY WIFE ALONE—STATUTE OF LIMITATIONS.—The husband is a necessary party to an action for damages for malpractice upon his wife, and where the husband deserts the wife after the acts of malpractice, the statute of limitations does not begin to run against the wife's right to bring the action in her own name until said desertion occurs.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

John S. Steely, Frank A. Jeffers, and John F. Sheran, for Appellant.

Jennings & Horton, and A. B. Shaw, for Respondent.

JAMES, J.—This action was brought by the plaintiff, a married woman, to recover damages by reason of the alleged malpractice of the defendant which resulted in injury to her person. A demurrer was sustained to plaintiff's amended complaint. In addition to the general ground assigned by the demurrer that the complaint did not state facts sufficient to constitute a cause of action, in support of which ground no contention is made here, it was objected that the alleged cause of action set out was barred by the statute of limitations; further, that there was a defect of parties plaintiff in that the husband of this plaintiff should have been made a party to the action. Upon plaintiff failing to amend, a judgment of dismissal followed, from which this appeal was taken.

It was alleged in the amended complaint that at the time the alleged acts of malpractice were committed and thereafter, plaintiff was a married woman living with her husband, and that the husband at all times subsequent to the date of the commission of the alleged acts of malpractice refused to permit the plaintiff to bring an action to recover damages for her injuries, or to join with the plaintiff in such suit. It was further alleged that in the month of September, 1912, the husband deserted the plaintiff against her wish and without her consent, and that he had ever since that time continued to desert and abandon plaintiff without cause, and to live separate and apart from her against her wish and consent. This amended complaint was filed on June 5, 1913. There is no contention but that if the statute of limitations as against the wife's cause of action did not commence to run until the date of the alleged desertion of her by her husband, then the demurrer for that ground was improperly sustained. Section 370 of the Code of Civil Procedure provides that a wife may sue alone when she is living separate and apart from her husband by reason of his desertion of her. Section 352 of the same code provides, in part, as follows: "If a person entitled to bring an action, mentioned in chapter 3 of this title, be, at the time the cause of action accrued, . . . a married woman, and her husband be a necessary party with her in commencing such action, the time of such disability is not a part of the time limited for the commencement of the action." It was necessary for the plaintiff, if living with her husband, to have him join with her in the prosecution of her claim for damages for the personal injuries alleged to have been suffered by her. Under the facts as alleged in the amended complaint, the statute of limitations did not commence to run against the plaintiff until she was freed of her disability to prosecute the action alone, to wit, until the date of the desertion of her by her husband. Taking that date as the date to be considered in determining the plea made to the amended complaint by demurrer, it is clear that the court was in error in making the order sustaining the demurrer. That the husband was a necessary party to the action at the time the cause thereof accrued and until the date of his desertion of the wife, is sustained by the decision in the case of *Moody* v. *Southern Pacific Co.,* 167 Cal. 786, [141 Pac.

388]. That case answers all of the objections made by the respondent, and upon the authority of it a reversal must be ordered.

The judgment appealed from is reversed.

Conrey, P. J., and Shaw, J., concurred.