VÁZQUEZ, PLAINTIFF AND APPELLANT, *v.* VALDÉS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2044.—Decided May 20, 1920.

DEFAULT—CLERK OF COURT—APPEAL.—While the action of the clerk in entering a default or judgment may be reviewable on appeal, the refusal of the clerk to act is not reviewable and in such a case the proper remedy would be to ask the court to compel the clerk to act.

ID.—ANSWER.—If defendants do not answer after demurrer overruled, within the time allowed, and present other motions instead, from the overruling of the demurrer the time runs against them and if it expires they are technically in default.

ID.—JUDGMENT—PROOF OF DAMAGES.—The court was right in refusing to enter a default judgment in an action for negligence when there had been no trial for proving the damages, apart from the fact that the court had a right to examine the complaint in order to determine whether it stated a cause of action.

ID.—OPENING DEFAULT—DISCRETION OF COURT.—The power to open a default is inherent in a court and does not depend alone upon section 140 of the Code of Civil Procedure; but even if so, that section is broad enough to give the court wide discretion in a matter of this nature.

ID.—ID.—ID.—Although the appellants had a technical right to the default the facts in this case do not show an abuse of discretion on the part of the court below in opening the default.

DAMAGES—INJURY TO WIFE—COMMUNITY PROPERTY—CAUSE OF ACTION.—Inasmuch as in defining what is the separate property of the spouses section 1314 of the Civil Code does not include a right of action for injuries, that right is necessarily community property; therefore a complaint in an action to recover such damages brought by the wife alone and not by the conjugal partnership does not state a cause of action and the rule is not changed by the fact that the husband was joined as a party.

The facts are stated in the opinion.

*Messrs. J. J. Ortiz Alibrán* and *A. Arroyo* for the appellant.

*Messrs. Feliú and Alemañy* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The first assignment of error is that the clerk of the district court erred in not entering a default against the defendants. We may question whether under section 305 of the Code of Civil Procedure we may review the refusal of a clerk to enter a default. It reads as follows:

"Upon an appeal from a judgment, the court may review the decision, and any intermediate order or decision, if excepted to, which involves the merits, or necessarily affects the judgment, except a decision or order from which an appeal might have been taken."

It is the orders or decisions of the court that are subjects to review. While the action of the clerk in entering a default or judgment may be reviewable, in the nature of reviewable matter the refusal of the clerk to act is nothing at all. The proper mode for an appellant to invoke, as suggested by the appellee, would be to ask the court to compel the clerk to act.

Assuming that such a failure to act is reviewable, it is to be noted that when the application for an entry of default was made the defendants had filed two motions directed

against the sufficiency of the complaint and to strike certain matters of said amended complaint. What these two motions were the record does not properly disclose, and the only way they appear in the record is in the communication from the clerk to the appellants in which the clerk gives his reasons for not entering a default, and in a motion of appellants in which they ask that the said motion be stricken out. We do not find that the motions are duly spread upon the record and this would be reason enough why we should not consider as error the refusal of the clerk to note the default. We agree, however, with the clerk that he had no right to weigh the effect of the said motions of the defendants; that his duties are merely ministerial or those clearly indicated by law, and hence that he committed no error in refusing to note a default.

The court granted the motion of the complainants to strike the said motions without further extending the time of the defendant to answer. The appellees maintain that when they filed their two motions directed against the complaint their time for answering had not expired and that these two motions suspended the said time. We can not agree with the appellees. If defendants do not answer after demurrer overruled, as here, within the time allowed, and present other motions instead, they must take care to ask the court to extend their time for answering. Otherwise, from the overruling of the demurrer, the time runs against them and if it expires they are technically in default. Hence, supposing the complaint stated a cause of action, the complainant had a complete right to ask for an entry of default and the clerk was justified in entering it, which he did on the 10th day of May, 1918.

Thereupon the complainants, on the 14th of May, 1918, made an application to the court for a judgment which the court refused. This refusal is made the second assignment of error. We think, however, that the court was clearly in

the right, as this was an action for negligence and proof of damages was first necessary in accordance with section 194, par. 2, of the Code of Civil Procedure, and for this a trial is indispensable. The court also had a right, we are inclined to believe, to examine the complaint to see if it stated a cause of action.

Then the appellees made a motion to open the default and give them time to answer, which motion the court granted, and this action is made the ground of the third assignment. At this point we may as well confess that we do not understand the terminology of the appellants when they maintain that the court was without jurisdiction to grant the motion. We are under a strong impression that it had such jurisdiction and that the power to open a default is inherent in a court and does not depend alone upon section 140 of the Code of Civil Procedure; and even if it did, that that section is broad enough to give the court a wide discretion in matters of this nature.

And we find no abuse of discretion. The appellants show very clearly that the defendants took two months and eight days to prepare their answer from the time the demurrer was overruled. We doubt if we should interfere with the discretion of the court below in opening a default in a negligence case amounting to $5,000 after two months and eight days of quiescence on the part of the defendants if the defendants or their attorneys made any proper showing of good faith, but the case in favor of appellees is much stronger. The note of default was entered on May 10 and an answer was filed on May 20, after the note of default. The affidavit of the attorney for appellees shows that he received the notice of the order of the court of May 7, striking appellee's two motions, on May 15th, and that he immediately set out to file the answer. The said attorney swears that he sent his answer to the clerk's office on the 18th which was a Saturday; that he was very busy with many cases, including a case

on appeal in the Supreme Court. But without all this it is evident that a few days time for a preparation of an answer is necessary, if preliminary motions have been overruled and when an attorney, acting in good faith, fails to answer for a few days, whatever his belief, the court will consider any delay as an inadvertence. To the contrary, of course, if the court sees on the part of the defendant a disposition to delay, a theory not possible of suggestion in this case. Without extending this branch of the opinion too greatly we may say that, while the appellants had a technical right to the default, the court would have committed an abuse of discretion in refusing to open it.

These considerations dispose of the matters of procedure. As we have indicated, the court, if not the clerk, might also have examined the complaint to see if it stated a cause of action and might have opened the default for that reason.

This was an action for personal injuries caused to the wife. In accordance with various provisions of the Civil Code, injuries to a person create an obligation in the person causing them to repair the injury. It is an obligation or property created and when the injury is to a married woman the question arises to whom such obligation or property belongs.

In the case before us there exists a community composed of a husband and wife. Injury to the wife has not been defined in Porto Rico to be her separate property, although that of later year seems to be the law in Louisiana. So that we are governed by the general provisions of the Civil Code. Section 1314 defines what is the separate property of either of the spouses and a right of action for injuries is not included therein. Sections 1316 and 1322 provide:

"Section 1316.—To the conjugal partnership belong:

"1. Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the

acquisition is made for the partnership or for one of the spouses only.

"2. That obtained by the industry, salaries, or work of the spouses or of either of them.

"3. The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses."

"Section 1322.—All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife."

Hence, as this obligation, property or right of action arose after the marriage and is not the separate property of either of the spouses, it is necessarily community property. These considerations are supported by the authorities taken from the States where a conjugal partnership exists. McKay on Community Property, sections 180, 181 citing cases from Texas, Washington, California, Idaho and likewise some of the earlier ones from Louisiana, decided before a change was made in the statutory law of that State. The recent case of *Moody. v. Southern Pac. Co.,* 167 Cal. 786, 141 Pac. 388, is likewise pertinent.

As under sections 159, 161 and 1327 of the Civil Code the husband is the legal representative of the conjugal partnership, the right of action for an obligation or property of the community belongs to him. We are aware, of course, that section 62 of the Code of Civil Procedure provides that all persons having an interest in the subject of the action may be joined and the wife may be a proper party in an action for injuries, but she is not the principal or necessary party to the action. It may be doubted whether in the interests of simplicity she should be joined at all.

As shown in *Moody v. Southern Pac. Co., supra,* in an action for personal injuries in California the wife was joined as a necessary party because the courts there felt bound to follow the common law rule, but we need not adopt that prac-

tice here.   In that same case the court finds little logic in considering the wife as a necessary party, but felt bound by the precedents.   Under the California practice as pointed out by McKay, *supra,* section 184, an accident to the wife gave rise to two causes of action, one to the husband alone for loss of her society and services and for her cure, and another to the husband joined by the wife for the personal injuries.   No such distinction is necessary in Porto Rico as all these incidents belong to the community.

The complaint before us was brought by the wife, assisted by her husband, the complainant probably feeling impelled thereto by section 54 of the Code of Civil Procedure which is as follows:

"Section 54.—When a married woman is a party, her husband must be joined with her, except:

"1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue or be sued alone.

"2. When the action is between herself and her husband, she may sue or be sued alone.

"3. When she is living separate and apart from her husband, by reason of his desertion of her, she may sue or be sued alone."

Without stopping to inquire in what possible actions a husband must be joined with his wife, it is plain that this section has no application to an action belonging to the community.   The theory of the complaint was clearly one of a right of action in the wife and hence no cause of action was stated and it is unnecessary to consider the other interesting questions raised by the appellant.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.