MERCEDES VÁZQUEZ, Plaintiff and Appellant, v. PORTO RICO RAILWAY, LIGHT & POWER COMPANY, Defendant and Appellee.

No. 3653. Argued July 13, 1925.—Decided February 19, 1926.

*Arturo O'Neill* for the appellant. *J. H. Brown* and *C. Ruiz Nazario* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Alleging that she was married to Agapito Morales and separated from him by reason of his desertion of her some years before, Mercedes Vázquez sued the Porto Rico Railway, Light & Power Co. to recover damages for personal injuries suffered by her as a result of a certain accident that occurred on one of the defendant's cars, causing her a wound and various bruises and obliging her to remain in bed, to lose her earnings and to pay fees of physician and dentist.

The defendant alleged on demurrer that the complaint did not state facts sufficient to determine a cause of action and that the plaintiff had no legal capacity to sue.

After argument the court sustained the demurrer and rendered judgment in favor of the defendant, whereupon the present appeal was taken by the plaintiff.

In disposing of the appeal it is necessary to consider only (1) whether money recovered during wedlock for personal injuries to one of the spouses is community or separate property, and (2) whether, if community property, it may be sued for by the wife alone when she is separated from her husband by reason of his abandonment of her.

■ The first question was decided in the sense that the property is community property in the case of *Vázquez* v. *Valdés*, 28 P.R.R. 431. Speaking for the court in that case, Mr. Justice Wolf said:

"This was an action for personal injuries caused to the wife. In accordance with various provisions of the Civil Code, injuries to a person create an obligation in the person causing them to repair the injury. It is an obligation or property created and when the injury is to a married woman the question arises to whom such an obligation or property belongs.

"In the case before us there exists a community composed of a husband and wife. Injury to the wife has not been defined in Porto Rico to be her separate property, although that of later years seems to be the law in Louisiana. So that we are governed by the general provisions of the Civil Code. Section 1314 defines what is the separate property of either of the spouses and a right of action for injuries is not included therein. Sections 1316 and 1322 provide:

" 'Section 1316.—To the conjugal partnership belong:

" '1.—Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.

" '2.—That obtained by the industry, salaries, or work of the spouses or of either of them.

" '3.—The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses.'

" 'Section 1322.—All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife.'

"Hence, as this obligation, property or right of action arose after the marriage and is not the separate property of either of the spouses, it is necessarily community property. These considerations are supported by the authorities taken from the States where a conjugal partnership exists. McKay on Community Property, sections 180, 181, citing cases from Texas, Washington, California, Idaho, and likewise some of the earlier ones from Louisiana, decided before a change was made in the statutory law of that State. The recent case of *Moody* v. *Southern Pac. Co.*, 167 Cal. 786, 141 Pac. 388, is likewise pertinent.

"As under sections 159, 161 and 1327 of the Civil Code the husband is the legal representative of the conjugal partnership, the

right of action for an obligation or property of the community belongs to him. We are aware, of course, that section 62 of the Code of Civil Procedure provides that all persons having an interest in the subject of the action may be joined and the wife may be a proper party in an action for injuries, but she is not the principal or necessary party to the action. It may be doubted whether in the interests of simplicity she should be joined at all.

"As shown in *Moody* v. *Southern Pac. Co., supra,* in an action for personal injuries in California the wife was joined as a necessary party because the courts there felt bound to follow the common-law rule, but we need not adopt that practice here. In that same case the court finds little logic in considering the wife as a necessary party, but felt bound by the precedents. Under the California practice as pointed out by McKay, *supra,* section 184, an accident to the wife gave rise to two causes of action, one to the husband alone for less of her society and services and for her cure, and another to the husband joined by the wife for the personal injuries. No such distinction is necessary in Porto Rico as all these incidents belong to the community."

As may be seen, the question was duly considered and it would be sufficient to cite the case in which it was answered, but the appellant has been so insistent that we feel bound to go into the matter more fully.

We have consulted the great Spanish commentators Manresa and Scaevola and find nothing definite in regard to the exact question involved. This seems somewhat strange, inasmuch as the conjugal partnership system is traditional in Spain. The *Fuero Juzgo* established it by ordering that the profits should be divided between the spouses in proportion to the capital contributed by each of them. The *Fuero Real,* completed by the *Leyes del Estilo,* provided that all joint earnings of the husband and wife should be divided equally between them. The *Novísima Recopilación* developed the system fully and the Civil Code devoted an entire chapter to its regulation. However, it must be acknowledged that the case of an indemnity for personal injuries was not decided specifically. Hence, for including it within the established rules judicial interpretation is necessary.

In commenting on section 1396 of the old Civil Code, the forbear of section 1314 of the Revised Code as amended in 1903, Manresa divides the separate property into two groups —that immediately and directly belonging to each of the spouses, and that which belongs to them by virtue of subrogation or substitution. In the first group he includes the property brought to the conjugal partnership by the husband or wife and that acquired by each of the spouses during wedlock for a good consideration, that is, ''by descent, devise or gift,'' and in the second that acquired by exchange for other separate property, that acquired by virtue of the right of redemption belonging only to one of the spouses, and that purchased with money belonging exclusively to the wife or husband.

There is no room for inferences. The rule is fixed and was circumscribed more strictly by the Porto Rican legislators in the amendment of 1903. Originally subsection 2 of section 1314 of the Revised Civil Code was the same as subsection 2 of section 1396 of the old Civil Code, and read:

''2.—That acquired for a good consideration by either of them during the marriage.''

The amendment of 1903 added thereto the words ''that is to say, by gift, devise or descent,'' thus putting into the law what the courts had held and the commentators had given as their opinions.

Commenting on section 1401 of the old Civil Code, the same as section 1316 of the Revised Code which defines conjugal partnership property, the same author classifies this also into two groups—direct community property and community property by substitution or subrogation. His study is full and minute, and when he is confronted by the cases of *mines* and *treasures* he is obliged to abandon the letter of the statute and use argument to classify that kind of property.

We quote his comment on treasure-trove, which supports

to some extent the opinion of this court in the case of *Vázquez* v. *Valdés, supra,* as follows:

"There is some difficulty in deciding whether or not the part of a treasure discovered during wedlock that goes to the discoverer should be considered as community property.

"Of course, when the treasure is not discovered by accident, but in the course of work done by agreement or with the consent of the owner of the land, there is no doubt that it must be considered as community property.

"But if the treasure is found accidentally it is a gift of fortune, a casual and unexpected gain. It does not fall within any subsection of section 1401, because it is neither a product, although found on the land of one of the spouses, nor a result of work or industry, nor an acquisition for a valuable consideration paid out of community funds.

"The treasure is, of course, an acquisition for a good consideration, because it exacts no equivalent from the discoverer.

\* \* \* \* \* \* \*

"However, we do not consider this the best solution. Although the treasure may be a gratuitous acquisition because it exacts no equivalent, it is not acquired for a good consideration, the basis of separate acquisitions of the spouses. In such acquisitions there is a grantor, whether called a donor or testator, who designates and determines the person of the grantee, the logical presumption being that the donee, legatee or devisee will not share the property with other different persons, although it may be a spouse. The law and the testators and donors always tend to preserve the property in the family, to prevent its passing to strange families, and this purpose would be frustrated with ease and frequency if the property donated or bequeathed should be considered as community property. There is, then, as regards such acquisitions, a ground and a reason for the decision.

"Nothing like that occurs with regard to treasures discovered by accident. Luck designates the person of the acquirer and the preservation of the property in a determined family is not pretended either by the law or by the will of the unknown owner. It is a gift of fortune, a fortuitous event, as the result of gambling or of a lottery; it is an accidental gain obtained during wedlock and it is logical that a partnership whose object is the communication of profits should not be deprived of it. For this reason we think that the half of the treasure awarded by law to the discoverer should be considered as community property and the case be regarded as coming under

section 1406, which refers to gambling and to earnings from *other causes* exempt from restitution.'' 9 Manresa, Civil Code, pages 578 to 580.

The parties cite no applicable judgment of the Supreme Court of Spain, nor have we been able to find any in the search that we have made.

The Philippines jurisprudence that on other occasions has furnished us with valuable aid is silent on the subject as far as we know. But such is not the case with that of the states where the legal system of community property exists. George McKay, of the Bar Association of Seattle, Washington, has written a complete book on the subject entitled ''A Commentary on the Law of Community Property for Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas and Washington.'' From it we quote the following:

''The community property system of marital property as we find it in the states and territories of the American Union is of Spanish origin. In California, Louisiana and Texas, the system was established by the Spaniards, and has been continued by statute and code, but with some modifications. In New Mexico the Spanish system with slight modification prevailed till 1901. Nevada and Arizona, while at one time Spanish territory, never had a sufficient number of Spanish settlers to establish Spanish law, and the system there is of statutory origin. In Idaho and Washington the system is an exotic.'' Page 37.

 ※ ※ ※ ※ ※ ※ ※

''Starting with the typical community of the Spanish law, and measuring all others by it, we find it fully realized at the present time in none of the states or territories of the United States.

''In New Mexico, the Spanish law, as to what constituted the common fund of marital gains, remained unchanged down to March 20, 1901.

''In Texas but few changes have been made. The '*increase*' of separate real estate retains the separate character and gifts to husband *and* wife are separate, each spouse retaining as a separate right his interest in the gift. Aside from these two changes the common fund as defined by Spanish law remains unchanged.

''In Idaho the departures from the typical community are two in number: *First*, gifts to husband *and* wife are separate, and, *second*,

the wife takes, as separate estate, the rents, issues and profits of her separate property, *if the conveyance to her so provides.*

"In Louisiana the departures from the typical community of the Spanish law have been in two directions: *First,* the wife may hold a's paraphernal the fruits and revenues of her paraphernal estate by retaining it under her *sole* management; this is a subtraction of one source of common property. *Second,* the body of the common fund is extended, by the property acquired by exchange for separate fund's or property *under the husband's administration;* but the debts chargeable against the common fund are by the process of exchange increased. . . . .

"In Arizona, California, Nevada and Washington two departures have been made from the typical community: *First,* the rents, issues and profits of separate property remain separate, and, *second,* property given to husband *and* wife is separate." Pages 234 to 236.

Where the commentator speaks of the typical community it is clear that he refers to the old Spanish law. There have been changes in Spain. The Civil Code contains all that is in force on the subject. In Porto Rico, with the exception of the amendment to section 1314 of the Code, which in reality introduces no innovation, and the law which forbids the husband to donate, alienate or bind the real property of the conjugal partnership for a valuable consideration without the express consent of the wife, the statutes regulating conjugal partnerships are those that were in force when the change of sovereignty was effected.

We quote further from the author cited:

"A right of action to recover for an injury is property, not only in the law of community property, but also in a general sense. Upon principle it would seem that the right violated should determine whether the right to recover is separate, or community property. A right to recover for the damage done to the separate property of either spouse is given by law a's a recompense for the lessened value of the property damaged. The recovery is the law's method of restoration; if the defendant were compelled to specifically undo his wrong, instead of paying damages for the harm done, no one would suppose that any question could arise that the reparation specifically made was separate property; it would be mere restoration to the former condition. The award of damages is an imperfect method of ac-

complishing the same result. Upon principle, therefore, a cause of action for a violation of a separate right is separate.

"A cause of action for an injury to the person, reputation or credit of either spouse belongs to the community; it is property, and is not acquired from any source of separate property, and it is therefore common by force of the written law." Pages 247 and 248.

 * * * * * * *

"Under the law of community an injury to either spouse creates a single indivisible cause of action that belongs to the husband as master and manager of the marital partnership; and in his suit, he may recover *all* damages allowed by law on account of the wrong, not only such as accrued to himself at common law, but also such as might be recovered in her name and his, as parties plaintiff.

"In California, while a cause of action to recover for a personal injury to either spouse is now recognized as community property, a peculiar modification of the general rule once existed and *probably* still exists when the *wife* is the injured party *and* recovery for her personal suffering and physical injury is sought: *the wife must join with the husband as a party plaintiff*. Some of the earlier cases seem to hold that the wife's injury creates *two* causes of action, one in her favor for the injury itself, another in the husband's favor for the loss of her society and services and the cost of her cure; generally, under the law of community, an injury to the wife creates but a single indivisible cause of action and that in the husband's favor.

 * * * * * * *

"In McFadden vs. Santa Ana, etc., St. R. Co., *supra,* the court held that a cause of action for the wife's personal suffering, and physical injury, was community property, but the court did not quite go the length of holding that the husband alone could sue; it held that the wife alone could not. The doctrine of this case was approved in Neale vs. Depot R. Co., *supra.*

"Martin vs. Southern Pac. Co., *supra,* is the last case arising in California; it was brought in the husband's name *alone* to recover damages for an injury to the wife; the principal question mooted in the Supreme Court was over the right to recover for loss of services, which at common law he might have recovered in his own name without joining his wife; so the case cannot be taken as an authority for the husband's right to recover *all* damages resulting from the wrong in his own name, as in the other common property states; the language of the court, however, would indicate a tendency toward the general rule and away from the early California rule. The court said: 'The present action is brought for the recovery of damages

sustained by the plaintiff by reason of injuries received by his wife while she was being conveyed as a passenger upon one of the trains of the defendant. It is alleged in the complaint that by reason of the negligence of the defendant the injuries received by the plaintiff's wife were permanent, and rendered her wholly unable to perform her usual work and duties, and that by reason thereof he has been, and will be through the remainder of her life, deprived of her services, and compelled to provide medical aid and care for her. Judgment was rendered in favor of the plaintiff, and the defendant has appealed. The principal ground urged by the defendant in support of its appeal is that the plaintiff is not entitled to recover compensation for the loss of services of his wife; that the relation which, under the common law, existed between the husband and wife, by which the wife was in reality the servant of the husband, does not prevail in this state; that the Code does not give to the husband a right to the services of the wife, and that, therefore, he cannot maintain an action for being deprived of them. It was shown at the trial that prior to receiving the injury she did the housework of the family without any assistance, and that since that time she has been unable to do any of it, and that the plaintiff has been compelled to employ other assistance for that purpose. The right of the plaintiff to maintain the action does not depend upon he right of the husband to compel the wife to render such services, or upon the existence of any obligation upon her part to perform them, other than the obligation of mutual support which she contracted towards him. Civ. Code, Sec. 155. The action is brought to recover compensation for damage sustained by reason of the wrongful act of the defendant, whereby the plaintiff has been deprived of her services, and compelled to expend money as a consequence of such deprivation. The services of the wife are a part of the earning power of the community, and the earnings received for her services constitute community property as much as do the earnings received for the services of the husband. If the injury had been received by the husband, it would not be contended that he could not recover for the damage sustained by the loss of his earning capacity. In either case the earnings would be community property, and any act by which either husband or wife is deprived of the capacity to render services diminishes the capacity to accumulate community property. If the domestic services voluntarily rendered by the wife obviate the necessity of employing other assistance, the amount of the community property is thereby enhanced in the amount that would be required for such assistance; and by the deprivation of such services the community property suffers a

corresponding damage. The husband, as the head of the community, has the right to maintain actions for damage to property sustained by the community, and the action of the court in admitting this evidence was correct, as was also its instruction to the jury that the plaintiff was entitled to recover the expense incurred by him for necessary labor and services substituted for the ordinary services of the wife. Tell vs. Gibson, 66 Cal. 247, 5 Pac. 223; Redfield vs. Railway Co., 112 Cal. 220, 43 Pac. 1117.'' Pages 250 and note number 2.

## Corpus Juris summarizes the jurisprudence as follows:

''Under the statutes classifying community property as all acquisitions during marriage other than such as is specifically designated as separate property, it has been very generally held that damages for injuries to either spouse fall into the community. More specifically such damages have been classed as community property as representing the value of the earning capacity of the injured spouse. The rule applies to claims for damages for personal injuries the same as to the damages after recovery. It is not affected by the fact that the parties are living apart, by agreement, at the time of the injury. The rule extends not only to damages for injuries to the person, but also to damages for injuries to the character or reputation, whether individual or commercial, to damages for malicious arrest or prosecution or false imprisonment, and to damages for physical or mental suffering of the injured spouse. Damages accruing after the death of a spouse do not fall into the community, which would include damages for death of a spouse. It has been held that a claim for mental suffering caused by failure to deliver a telegram to one spouse announcing the death of the other is not community property.

''Damages for personal injuries to husband fall into the community.

''In the absence of statutory provision to the contrary, damages for personal injuries to the wife fall into the community. Where the statute expressly so provides, such damages, of course, belong to the wife's separate estate, and the only question that can arise is as to who may or must sue for them.

''The damages recoverable by the community are: (1) Damages for the direct injury to the wife, including her pain and suffering, and her wounded feelings; (2) the cost of her nursing, medical attendance, and medicines; and (3) damages for the loss of the wife's services; but there is contrary authority as to the last item.'' 31 C. J. 25–26.

The notes to the Corpus Juris text contain the citation of many cases. We shall limit ourselves to quoting some paragraphs from a very interesting and complete opinion rendered in one of them, that is, *Ezell* v. *Dodson*, 60 Texas, 331. They read as follows:

"The right to sue for damages for a tort is a chose in action, and property within the legal sense of that term. 2 Bishop on Married Women, sec. 271; C., B. & Q. R. R. Co. v. Dunn, 52 Ill., 260.

\* \* \* \* \* \* \*

"Our statute prescribes who shall be parties plaintiff in suits to recover the separate property of the wife; and if the right to sue for injuries to the wife, caused by an assault and battery committed upon her person, was by our law her separate estate, as at common law, the proper parties plaintiff would, under the statute, be the husband and wife jointly, or if he refused to join, the wife could sue alone.

"But of the property which a wife may acquire during marriage, none becomes her separate estate except such as is derived by gift, devise or descent; all acquired in any other manner is community property.

Of course such property as is derived by reason of a personal trespass committed upon her fall under neither of these heads of gift, devise or descent, and necessarily forms part of the acquits and gains of the marital partnership."

There is no doubt that the jurisprudence of the states in which conjugal partnerships exist in one form or another upholds the decision of this court in the case of *Vázquez* v. *Valdés, supra*. To change the rule, as it was changed in Louisiana, legislative action is necessary.

It may be said that in the said states the law specifies what constitutes separate property and prescribes that all other property is community property, and that in Porto Rico the legislators were specific in both cases, and as money recovered for personal injuries is not included in either of them, it must be considered as separate property.

Leaving aside the question of the classification which the indemnity itself deserves, we hold that not only section 1316 of the Civil Code, which expressly determines what constitutes

community property, is to be considered in order to find the intention of the legislators, but section 1321 which prescribes that "the earnings obtained by the husband or wife by gambling, *or proceeding from other causes exempt from restitution, shall belong to the conjugal partnership*" (italics ours), and section 1322 which provides that "all the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife." And as it is impossible to prove that an indemnity recovered for a personal injury caused to either of the spouses during wedlock is property brought to the marriage, or acquired by gift, devise or descent, or by right of redemption or exchange for other separate property, or that it was bought with money belonging exclusively to the wife or to the husband (sec. 1314 of the Civil Code), it should not only be considered as partnership property, but finally can not be anything else than community property.

According, then, to the written law rationally interpreted, in Porto Rico a cause of action for injuries to the person, reputation or credit of one of the spouses is community property, as McKay says it is in the states which he names. In the case of *Porto Rico Railway, Light & Power Co.* v. *Cognet*, 3 F. (2nd) 21, the Circuit Court of Appeals for the First Circuit, by Judge Johnson, said: "In Porto Rico, the right of action for an injury to the wife, received during marriage, is community property . . ."

 Having reached the foregoing conclusion, we shall consider now the effect of the statement in the complaint that the plaintiff is separated from her husband because of his desertion of her.

It involves the interpretation of section 54 of the Code of Civil Procedure, as follows:

"Sec. 54.—When a married woman is a party, her husband must be joined with her, except:

"1.—When the action concerns her separate property, or her

right or claim to the homestead property, she may sue or be sued alone.

"2.—When the action is between herself and her husband, she may sue or be sued alone.

"3.—When she is living separate and apart from her husband, by reason of his desertion of her, she may sue or be sued alone."

The appellee contends that the said section was interpreted by this court in the said case of *Vázquez* v. *Valdés, supra,* in a sense contrary to the appellant's contention, and in fact it was. There the court said: "Without stopping to inquire in what possible actions a husband must be joined with his wife, it is plain that this section has no application to an action belonging to the community." The element of separation by reason of abandonment by the husband was not involved in the case of *Vázquez* v. *Valdés.* The husband and wife were living together and the mind of the court was not fixed on the scope and effect of subsection 3 of section 54, which is of purely American origin and spirit.

In Pomeroy on Code Remedies, page 233, fourth edition, it is said:

"The desertion of his wife and family by the husband does not increase her powers and capacities in reference to the bringing and maintaining of judicial proceedings, unless provision is made for such an emergency by express statute. Thus, after such desertion, the wife can not maintain an action in her own name to set aside a conveyance of land alleged to have been obtained from him by fraud. In several states, however, the codes contain express provisions, which, in case of desertion by the husband, permit the wife to prosecute and defend such actions as he might have done."

The foot-note to the text reads:

"See *supra,* sec. 152; Andrews v. Runyon, 65 Cal. 629; Baldwin v. Second Street Cable Ry. Co., 77 Cal. 390; Tobin v. Galvin, 49 Cal. 34 (the statute does not apply where the wife is merely temporarily absent from the husband). [Brown v. Brown (1897), 121 N. C. 8, 27 S. E. 998: Under the constitution and section 1832 of the Code, which declares that every woman whose husband shall abandon her shall be deemed a free trader, a wife abandoned by her husband may maintain an action in tort, in her name, against a third party.]"

And paragraph 152 is as follows:

"There are two general types of the statutory provision as found in most of the codes. The statutes of the first type abolish the necessity of joining the husband and wife where such joinder would not be necessary aside from the marriage relation. The Kansas statute is illustrative of this type, and reads as follows: 'A married woman may sue and be sued in the same manner as if she were unmarried.' The statutes of Oklahoma and Utah are identically the same, and those of Colorado, Montana, and Nebraska differ only slightly. Substantially the same provision, but expressed in different forms, is found in Iowa, Minnesota, North Dakota, Ohio, South Dakota and Wyoming. The Missouri statute allows a married woman to sue 'with or without joining her husband' in the same manner as though she were sole. The New York statute also falls in this group, but in addition to the general provision allowing a married woman to sue or defend 'alone or joined with other parties as if she were single,' it specifies certain classes of cases where the husband should not be joined. The second type requires that the husband and wife be joined except in certain enumerated cases. The Indiana statute is a good example of this form. It reads as follows: 'A married woman may sue alone: *First.* When the action concerns her separate property. *Second.* When the action is between herself and her husband; but in no case shall she be required to sue or defend by guardian or next friend, except she be under the age of twenty-one years.' This statute is found in substantially the same form in Arizona, Arkansas, Nevada, North Carolina, Oregon, South Carolina, and Wisconsin. In California a third class of exceptions is added, namely, where the husband has deserted the wife or where there is an agreement in writing between them. Idaho has adopted the California statute, and Washington has a statute very similar to it. The statutes of Connecticut, Georgia, and Kentucky are peculiar and do not fall within either of these groups."

Our statute being similar on the point in controversy to that which was in force in California, we must go to the jurisprudence of that state while said statute was in force in order to interpret and apply it.

In the case of *Baldwin* v. *Second St. Cable Ry. Co.*, 77 Cal. 390, it was held that "a married woman who lives separate and apart from her husband by reason of his desertion of her, may sue alone to recover for personal injuries."

The same conclusion was reached in the case of *Muller* v. *Hale*, 138 Cal. 163.

The appellee insists that the jurisprudence of California is not applicable because in California section 169 of the Civil Code prescribes that money earned and accumulated by the wife and her infant children living with her or under her custody, as long as she lives apart from her husband, is the separate property of the wife. That is to say that the argument of the appellee is based on the fact that in California by virtue of that statute a cause of action for personal injuries to the wife is the separate property of the wife if she is separated from her husband and that is why she alone can maintain the action.

In our judgment that reasoning is not well founded.

By consulting Kerr's Cyclopedic Codes of California of 1920 it will be seen in the notes to said section 169 that notwithstanding its being in force since 1872, no decision has been rendered including within its terms a cause of action for personal injuries to the wife. And where it may be seen clearly that the *ratio decidendi* of the California cases which recognize in a wife living apart from her husband by reason of his desertion of her the right to sue alone was not section 169 of the Civil Code, but the adjective law which authorized her to sue alone in such a specific case, is in the opinion rendered in the case of *Lamb* v. *Harraugh*, 105 Cal. 680, wherein it was held that an action for personal injuries to the wife is community property and that the wife who brought the action alone could not maintain it notwithstanding her allegation that she was separated from her husband, for the reason that she failed to allege also that the separation was due to the husband's desertion of her and, therefore, because she was not shown to be within the exception specified in section 370 of the Code of Civil Procedure.

Considering all that has been said, we are of the opinion that according to the exception established in subsection 3

of section 54 of the Code of Civil Procedure of Porto Rico, the plaintiff having alleged in her complaint that she was living separately and apart from her husband by reason of his desertion of her some years before, she may sue alone notwithstanding the community character of the action.

By virtue of the foregoing, the judgment appealed from must be reversed and the case remanded to the court of its origin for further proceedings not inconsistent with this opinion.