WESTERN UNION TELEGRAPH COMPANY v. CHAS. P. O'FIEL.

Decided June 13, 1907.

1.—Telegram—Failure to Deliver—Notice to Company.

In a suit for damages for failure on the part of a telegraph company to deliver a death message, the defense being that they could not find the addressee, evidence to the effect that at the time of sending the message the sender told

the agent that the addressee was employed in some hardware store, was admissible, and not subject to the objection that it served to vary the message which was a written instrument, and which contained no specific address.

### 2.—Time Card as Evidence.

Time cards furnished by a railroad company to the general public for their guidance are competent evidence as to the schedules of its trains.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*George H. Fearons* and *Chester & Da Ponte,* for appellant.—The testimony of John J. O'Fiel as to what he told defendant's agent at Beaumont as to the employment of the addressee was inadmissible because it had the effect of adding by parol testimony to the terms of an unambiguous written instrument. Western Union T. Co. v. Hendricks, 63 S. W. Rep., 341; Western Union T. Co. v. Wofford, 94 Texas, 348; Western Union T. Co. v. Swearingen, 67 S. W. Rep., 767; Western Union T. Co. v. Foster, 64 Texas, 220; Hargrave v. Western Union T. Co., 60 S. W. Rep., 687; Western Union T. Co. v. Edsall, 63 Texas, 668; Gulf, C. & S. F. Ry. v. Geer, 24 S. W. Rep., 86; Given v. Western Union T. Co., 24 Fed. Rep., 119; Stamey v. Western Union T. Co., 18 S. E. Rep., 1008; Carroll v. So. Ex. Co., 16 S. E. Rep., 128; Ayers v. Western Union T. Co., 72 N. Y. Supp., 634.

The undisputed evidence shows that defendant exercised ordinary care to deliver the message but was unable to do so for the want of a definite address. Western Union T. Co. v. Cox, 74 S. W. Rep., 922.

The time table was inadmissible because it was hearsay and secondary evidence and its genuineness and authenticity were not established, nor was it shown that it was a correct statement of the schedule times of the trains between Oklahoma City and Pittsburg. Bell v. W. & A. Ry. Co., 54 S. E. Rep., 532; Missouri, K. & T. Ry. Co. v. Morrison, 94 S. W. Rep., 173.

*John J. O'Fiel,* for appellee.

GILL, CHIEF JUSTICE.—Chas. P. O'Fiel brought this suit to recover damages of the Western Union Telegraph Company for failure to make timely delivery of a telegram notifying him of the death of his father. The defendant pleaded general denial and contributory negligence. A trial without a jury resulted in a judgment for plaintiff for $400 and the company has appealed.

On October 19, 1904, John J. O'Fiel, the brother of plaintiff, sent from Beaumont, Texas, to plaintiff at Oklahoma City, O. T., the following message over defendant's wires, prepaying the charges therefor:

"October 19, 1904.

"Chas. P. O'Fiel, Oklahoma City, O. T.
  "Father died at Pittsburg this eve.

"John J. O'Fiel."

At the time it was tendered to the Beaumont agent the latter asked for a more minute address and was advised by the sender that he knew no better address than that he gave in the message, except that his brother was employed in some hardware store in the city. The agent thereupon promptly sent the message as written and it was received at Oklahoma City at 1:30 a. m. October 20, but was not delivered until five days later when the addressee called for it at the Oklahoma office of defendant in response to a notice received through the postoffice. The city had a population of 30,000. The addressee was at work for a hardware company in three blocks of defendant's office and slept nightly at a hotel in one block of the office. His name was on the register of the hotel. No inquiry was made at either of these places though each had a telephone.

Upon the receipt of this message in Oklahoma City the company's agent examined the telephone directory, the city directory and the book of addresses kept in the office, but found the name in none of these. He called up the postoffice by telephone but could get no information as to plaintiff's address. Inquiry was made at several hotels and the message was finally left with the express agent to be delivered to a man named Chas. *Offield,* one of its employes but who was not the addressee. The company also placed in the postoffice a card advising plaintiff that a message had been received for him. No inquiry was made at any hardware store.

Had the plaintiff received the message during the day of the 20th he could and would have gone to Pittsburg in time to attend his father's funeral. By reason of the failure to make timely delivery of the message he was deprived of this privilege.

When the company employes failed to find plaintiff on the morning of the 20th they promptly sent to Beaumont addressed to the sender a "service message" asking a better address, but the sender, having received assurance from the Beaumont agent, that the message had been delivered, had left the city. It seems the Beaumont agent did not advise the Oklahoma agent that plaintiff was employed in a hardware store and there was no response to the service message.

Appellant objected to the admission of evidence that the sender had advised the Beaumont agent that the plaintiff was at work in a hardware store at the place addressed, the ground of objection being that it served to vary the message which was a written instrument. The point is presented here as error. We are of opinion it is without merit. The admission of the evidence was justified by the principle announced in those cases holding that oral notice to the sending agent of the relationship of the parties concerned, or the importance of the message, serves to charge the company with the knowledge thus conveyed. We can see no reason why it is not admissible as any information furnished from any other source would be admissible as to the whereabouts of plaintiff in aid of the accomplishment of the undertaking to find him. Western U. Tel. Co. v. May, 8 Texas Civ. App., 176.

Appellant also complains because the court admitted the testimony of plaintiff to the effect that, if necessary, he would have procured by wire the postponement of the burial in order to be able

to attend. The trial was before the court and the evidence was ample to show that had the message been received at any time on the 20th he could easily have reached Pittsburg in time. Hence the matter complained of, if error, was harmless.

Error is predicated upon the admission of testimony of the plaintiff as to the schedule of trains from Oklahoma City to Pittsburg, the objection being that he had no primary knowledge of the subject. The time card of the Missouri, K. & T. Railroad was adduced over the objection that it was not shown to have been compiled by authority of the railway company. It was shown without dispute that it was furnished to the public by the railway company for guidance with respect to the schedule of its trains, and that it covered the date in question. No opposing evidence on the point was offered. The plaintiff's testimony on this phase of the case was predicated upon knowledge derived from the official time card and the card itself was before the court. These facts effectively dispose of both objections. The official character of the time card was sufficiently made to appear by proof that it was such as were furnished to the general public by the railway company.

The points made that the verdict is unsupported by the evidence and is excessive, are both without merit. The judgment is affirmed.

*Affirmed.*

Writ of error refused.