[Civ. No. 1740.   Second Appellate District.—June 9, 1915.]

SOPHIE MEIER et al., Respondents, v. F. J. WAGNER, Appellant.

NEGLIGENCE—ACTION FOR DAMAGES—PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE.—In an action for damages for personal injuries alleged to have been negligently caused by defendant colliding with and striking plaintiff with his automobile, the evidence was sufficient to sustain a verdict in favor of plaintiff finding that the collision was due to defendant's negligence, where it clearly tended to show that at the time of the collision, when it was dark, while defendant was driving along the street at a speed of from twenty-five to thirty miles per hour, without any front lights on his car, holding the wheel with one hand, and, instead of looking ahead, gazing in a direction at right angles to the street over and along which he was traveling, his automobile collided with plaintiff, as a result of which she was caught or lodged upon the fender of the car and

dragged a distance of fifteen or twenty feet; and also that defendant admitted that he felt "the impact and something dragging and got out and found that it was plaintiff:"

ID.—EVIDENCE—DRAGGING OF PLAINTIFF—APPEARANCE OF GROUND.—In such a case the testimony of a witness to the effect that on the next morning following the injury to plaintiff he visited the place where the collision occurred and found, alongside a trail of blood, the track or imprint of the wheel made under restraint of brakes applied thereto, was properly admitted as a circumstance corroborating the testimony of other witnesses that plaintiff, when struck by the fender of defendant's car, was dragged along the street and for some distance, until defendant stopped his car.

ID.—ADMISSION OF EVIDENCE—HARMLESS ERROR.—In such a case allowing the waist worn by plaintiff at the time of the collision, and for damage to which with other clothing she asked special damages, to be produced before the jury and permitting plaintiff to testify as to its condition at the time immediately preceding the injury, without requiring her to show that its then condition was that in which it was found immediately after the collision, was trivial error and cannot be regarded as prejudicial.

ID.—STOPPING OF CAR—TESTIMONY OF EXPERT.—Testimony of witnesses that in driving a car of the type operated by defendant at a speed of twenty-five or thirty miles per hour, *they* could, assuming that the brakes were in proper condition, and depending to some extent on the resistance or traction of the road, stop the car within a distance of fifteen to twenty feet, and that traveling at such speed and observing a person eight or ten feet in front of the car, *they* could avoid a collision with such person, should not have been admitted, as defendant's duty was not to be measured by a standard fixed by what an expert driver could do in stopping his car and avoiding a collision; and such testimony was also immaterial where the only defense pleaded was that defendant's automobile did not collide with plaintiff, and that in traveling along the street, he saw her lying in the center thereof, apparently unconscious, she having been struck by some other vehicle or object before defendant arrived at said point, and that upon seeing her so lying in the street some two feet from the line of his nearest wheel, he by applying the brakes stopped his car within a distance of about ten feet, and as a matter of charity took her to her home. The admission of such evidence however could not have prejudiced defendant's substantial rights.

ID.—PLEADING—NEGLIGENCE.—Where the complaint in regard to defendant's negligence merely stated that defendant was running his car at a high and fast rate of speed, but did not allege that the collision did occur by reason thereof, but merely that he negligently and without warning to plaintiff, collided with and struck her with

his said automobile, while the allegations are very meager, they are sufficient as against a general demurrer.

ID.—PLEADING—PARTIES.—Where the injuries were received by a married woman, and the primary cause of action was the personal injuries sustained by her, notwithstanding such right of action and moneys recovered thereon, constituted community property over which the husband exercises control, the wife is a necessary party plaintiff, but the right to recover damages sustained in consequence of the personal injuries, due to the expenditures made for the services of nurses, medical treatment, and increased household expense, constituted a cause of action in favor of the husband alone as to which the wife is not a proper party plaintiff; nor can such cause of action be joined with a cause of action to recover for the personal injuries sustained by the wife, unless such expenditures were made out of her separate property, and where this is not shown, there is a misjoinder not only of causes of action but of parties plaintiff, the husband being joined with the wife in the action.

ID.—MISJOINDER OF PARTIES AND CAUSES—WHEN NOT PREJUDICIAL.—Where the misjoinder in no wise prevented a full, fair, and complete trial of the issues presented, and the judgment and proceeds thereof, as community property, subject to the exclusive control of the husband, constitutes a bar to a further action by him to recover the consequential damages, the error was purely technical and falls within the provisions of section 4½ of article VI of the constitution, providing that no judgment shall be set aside or new trial granted for error as to any matter of pleading unless the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Tanner, Odell, Odell & Taft, for Appellant.

Trusten P. Dyer, and Cleveland Schultz, for Respondents.

SHAW, J.—Action by plaintiffs who are husband and wife, to recover damages for and in consequence of personal injuries alleged to have been sustained by plaintiff Sophie Meier as a result of defendant's negligence. Judgment in accordance with the verdict of a jury was entered in favor of plaintiffs, from which, and on order of court denying his motion for a new trial, defendant appeals.

The complaint alleged defendant was at the time in question driving his automobile at a "high and fast rate of speed," in the center of the roadway on Ocean Avenue, which was a public street extending north and south in the city of Santa Monica; that plaintiff Sophie Meier alighted from a street car at the intersection of said Ocean Avenue and Washington Avenue and walked across said Ocean Avenue, the street upon which defendant was driving, toward the east side thereof, and when she reached the center of said Ocean Avenue "the defendant herein willfully, carelessly and negligently, and without any warning whatsoever, and without any fault on the part of said plaintiff Sophie Meier, collided with and struck said Sophie Meier with his said automobile," causing personal injuries to her damage in the sum of ten thousand dollars. It is also alleged in the complaint that as a result of the collision plaintiffs sustained consequential damages in the sum of $395.50, part of which damage, in addition to the destruction of clothing and jewelry of the value of $74, is represented by $27.50 for medical service, $155 for the services of trained nurses, $54 for domestic help, $40 for the board and room of such help, and $15 for extra electricity required for lighting purposes; all of which several items of expense it is alleged were necessarily incurred on account of the injury sustained, and each and all of which sums it is alleged that Sophie Meier "was compelled to and did pay," but it is not alleged that she paid such sums out of her separate estate.

Appellant insists that the evidence is insufficient to justify the verdict in that it fails to show negligence on the part of defendant in operating his car, or that his negligent act, if such was established, was the proximate cause of the injury sustained by plaintiff. The evidence clearly tended to show that at the time of the collision, when it was dark, while defendant was driving along the street at a speed of from twenty-five to thirty miles per hour, without any front lights on his car, holding the wheel with one hand, and, instead of looking ahead, gazing in a direction at right angles to the street over and along which he was traveling, his automobile collided with plaintiff, as a result of which she was caught or lodged upon the fender of the car and dragged a distance of fifteen or twenty feet. Also that defendant admitted that he felt "the impact and something dragging,

. . . got out and found it was Mrs. Meier.'' This evidence was sufficient to justify the conclusion reached by the jury that the collision was due to defendant's negligence.

Several alleged errors are predicated upon rulings of the court in admitting evidence over defendant's objections. The testimony of witness Sontag, to the effect that on the next morning following the injury to plaintiff he visited the place where the collision occurred and found, alongside a trail of blood, the track or imprint of a wheel made under restraint of brakes applied thereto, was properly admitted as a circumstance corroborating the testimony of other witnesses that plaintiff, when struck by the fender of defendant's car, was dragged along the street for some distance, until defendant stopped his car. The waist worn by plaintiff at the time of the collision, and for damage to which with other clothing she asked special damages, was produced before the jury and plaintiff permitted to testify as to its condition at the time immediately preceding the injury. Objection was made upon the ground that a proper foundation for its admission was not laid. True, the court should have required plaintiff to show that its then condition was that in which it was found immediately after the collision. The error, however, is trivial and cannot be regarded as prejudicial. Witnesses were called who testified that in driving a car of the type operated by defendant at a speed of twenty-five to thirty miles per hour, *they* could, assuming that the brakes were in proper condition, and depending to some extent upon the resistance or traction of the road, stop the car within a distance of fifteen to twenty feet, and that traveling at such speed and observing a person eight or ten feet in front of the car, *they* could avoid a collision with such person. This evidence, for several reasons, should not have been admitted. Defendant's duty was not to be measured by a standard fixed by what an expert driver could do in stopping his car and avoiding a collision. Moreover, it was likewise immaterial, since the only defense pleaded was that defendant's automobile did not collide with plaintiff, but that in traveling along the street he saw her lying in the center thereof, apparently unconscious, she having been struck by some other vehicle or object before defendant arrived at said point, and that upon seeing her

so lying in the street some two feet from the line of his nearest wheel, he, by applying the brakes, stopped his car within a distance of about ten feet, and as a matter of charity took her to her home. His evidence is to the same effect. Therefore, conceding the ruling was erroneous, nevertheless, by reason of the theory upon which the case was tried, it could not have prejudiced defendant's substantial rights.

Defendant demurred generally to the complaint and also alleged a misjoinder of causes of action and misjoinder of parties plaintiff therein, which demurrer was overruled.

The allegations of the complaint as to how or wherein defendant was negligent in the operation of his car are exceedingly meager. While it is stated that defendant was running his car at a high and fast rate of speed, it is not alleged that the collision occurred by reason thereof, but merely that he negligently and without warning to plaintiff, collided with and struck her with his said automobile. We are not prepared, however, to hold that the allegations are so wholly defective as to render the complaint subject to a general demurrer, and no attack thereon by special demurrer is made.

We are of the opinion that the special demurrer should have been sustained upon both grounds stated. The primary cause of action was the personal injuries sustained by the wife, and notwithstanding such right of action and moneys recovered thereon constitute community property over which the husband exercises control, it is settled by a long line of decisions that in an action for the recovery thereof the wife is a necessary party plaintiff. (*McKune* v. *Santa Clara etc. Co.*, 110 Cal. 480, [42 Pac. 980]; *Gomez* v. *Scanlan*, 155 Cal. 530, [102 Pac. 12]; *Williams* v. *Casebeer*, 126 Cal. 82, [58 Pac. 380].) "In general, the husband is the only party entitled to sue in respect to community property and the wife is neither a necessary nor a proper party to such suit. So far as we are advised, the sole exception to this rule is the case of an action for damages for injury and suffering of the wife caused by a personal injury to her." (*Moody* v. *Southern Pacific Co.*, 167 Cal. 786, [141 Pac. 388].) The right to recover damages sustained in consequence of the personal injuries and due to expenditures made for the services of nurses, medical treatment, and increased household expenses, constitutes a cause of action in favor of the husband alone,

and as to which the wife is not a proper party plaintiff; nor can such cause of action be joined with a cause of action to recover for personal injuries sustained by the wife (*Moody v. Southern Pacific Co.*, 167 Cal. 786, [141 Pac. 388]; *McKune v. Santa Clara etc. Co.*, 110 Cal. 480, [42 Pac. 980]; *Tell v. Gibson*, 66 Cal. 247; Schouler on Husband and Wife, sec. 142), unless, as urged by respondents, under section 171 of the Civil Code, such expenditures were made out of her separate estate. Conceding but not holding this to be true, it would lead to confusion; in that the wife in prosecuting a cause of action as to which, since it involves her separate estate, she may sue alone (Code Civ. Proc., sec. 370), with a cause of action involving community property, but as to which, under the exception to the rule (see cases cited), she is with her husband a necessary party. Moreover, it is not alleged that the wife made the expenditures out of her separate estate, the absence of which allegation being perhaps due to the fact that, as testified by her, such expenditures were made out of community funds, recovery for which should be had only in an action prosecuted by the husband alone. In our opinion, there was not only a misjoinder of causes of action, but likewise a misjoinder of parties plaintiff.

Such misjoinder, however, in no wise prevented a full, fair, and complete trial of the issues presented, which, in the absence of the rule stated, might, without prejudice to defendant, have been included in one action prosecuted by the husband and wife as plaintiffs. The fact that the judgment and proceeds thereof are, as community property, subject to the exclusive control of the husband, constitutes a bar to a further action by him to recover the consequential damages alleged in the complaint herein. The error, since it is purely technical and did not deprive defendant of any substantial right, or affect the merits of the case, falls within the provision of section 4½ of article VI of the constitution, which provides that "no judgment shall be set aside, or new trial granted . . . for error as to any matter of pleading, . . . unless . . . the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

Upon the record presented it is the duty of the court, under this provision of the constitution, to disregard the error due to noncompliance with the statutory requirement, and

affirm the judgment and order appealed from. It is so ordered.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 1, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 5, 1915.