[Civ. No. 6595. Second Appellate District, Division Two.—March 23, 1931.]

SUE BOWKER, Respondent, v. ILLINOIS ELECTRIC COMPANY (a Corporation) et al., Appellants.

Joe Crider, Jr., for Appellants.

Bertrand J. Wellman and Gretchen G. Wellman for Respondent.

THOMPSON (IRA F.), J.—This action was brought to recover damages for personal injuries to the plaintiff, resulting in a verdict in the sum of $5,600. The defendants prosecute this appeal from the judgment.

The injuries resulted from a collision of two automobiles on the Roosevelt Highway in Los Angeles County, in one of which, a Cadillac, the plaintiff was riding as a guest. The Cadillac was owned by a man named Phillips who was on the right-hand side of the front seat at the time of the accident, and was being driven by a person called Jenkins, and Mrs. Bowker was seated between them. The defendant Thornburgh was driving a Dodge car, and he was the agent and servant of the corporate defendant Illinois Electric Co. It was claimed by respondent that Thornburgh was driving on the left or wrong side of the road; that he crowded the Cadillac completely off the highway where it was struck, overturned and wrecked. It is conceded by appellants that upon the issue of negligence the evidence was conflicting, and that, when tested by the rules governing the determination of appeals, sustains the verdict.

It is urged, however, that the court fell into error when the judge instructed the jury as follows: "Any negligence of which Jenkins may have been guilty in the opera-

tion of his car cannot be imputed to or charged against the plaintiff unless he was her agent, and he was not her agent unless she had full authority to direct, control and command him in the driving of said car, or unless you find they were engaged in a joint enterprise. It is not sufficient to make an enterprise joint that the persons were coming from or bound on a common mission, but it is necessary for each to have authority in the control, management and driving of said car.'' It is not disputed that the instruction substantially states the law of imputed negligence in the case of a passenger or guest in an automobile but it is said that the respondent was not the guest of the driver of the automobile but of the owner Phillips, hence the instruction was not applicable. It is also argued that the court inadvertently and erroneously used the expression ''his car'' as indicating that Jenkins was the owner of the automobile instead of Phillips. Assuming, for the moment that there was negligence on the part of the driver of the car and also negligence on the part of the owner thereof in not requiring the former to drive differently, it would still remain the immediate negligence of Jenkins which contributed to the injuries and that negligence could not under the law be imputed to the respondent except under the conditions defined in the instruction. Whether the respondent was guilty of negligence herself was left to the jury by other instructions. The appellants cannot complain that these other instructions are not more definite upon the question. Evidently they were satisfied at the time of trial because they asked for none in addition. So far as the expression ''his car'' is concerned the testimony establishes without contradiction that the automobile belonged to Phillips. This fact was not in dispute. The words were then evidently and patently used to designate the car under his immediate control, the car which he was driving. Under the circumstances of the case it is impossible for us to believe the jury understood them in any different light.

■ The other question which requires discussion relates to the admission in evidence of testimony given by the husband of the respondent who visited the scene of the accident during the early morning following its occurrence. He was permitted over the objection of the defendants to testify to certain marks apparently made by automobile tires when

the brakes were applied to the wheels. He testified that he was familiar with the Cadillac automobile which was wrecked; that it had been equipped with a California top; that he found the "wreckage of the cars, parts of the cars, mostly of the Cadillac top and pieces of upholstering and tin and such like, and also blood stains on the cement"; that two burned rubber marks started about twenty-five or thirty feet from where the wreckage was and about the width of a machine in from the outside of the pavement and that "they varied from about four feet or the width of the car to begin with out to within, I should judge a foot of the outside of the paving"; that at that point they were "just as if the machine went just sidewise, just sweeped sidewise". In another answer the witness explained that the outside wheel went off in the sand and that the inside wheel tapered in until it came within about a foot of the edge. Evidence was introduced by the defendants to show that an officer who came to the scene of the accident skidded his wheels when stopping and that a number of cars were compelled to stop as the witness put it, "awful quick to keep from hitting someone else". But we think the proximity of the marks leading as they did directly to the wreckage and apparently corroborating the testimony of some of the eye-witnesses, rendered the testimony sufficiently relevant to go to the jury. In *Meier* v. *Wagner*, 27 Cal. App. 579 [150 Pac. 797, 798], it is said: "The testimony of witness Sontag, to the effect that on the next morning following the injury to plaintiff he visited the place where the collision occurred and found, alongside a trail of blood, the track or imprint of a wheel made under restraint of brakes applied thereto, was properly admitted as a circumstance corroborating the testimony of other witnesses that plaintiff, when struck by the fender of defendant's car was dragged along the street for some distance, until defendant stopped his car." To same effect see: *Fong Lin* v. *Probert*, 50 Cal. App. 340 [195 Pac. 437]. Counsel's objection to this testimony is directed rather to its weight than its relevancy.

It is true that in one of the witness' answers he said these marks were those of the Cadillac but no motion was made to strike this particular part of the answer, the motion being based upon the same ground as the objection and running

to the entire answer. The error if any there was in this casual reference was trivial and not prejudicial and probably that is the reason for the lack of the particularized motion.

Judgment affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.