FRED LANGE *v.* H. D. AFFLECK.

[No. 16, April Term, 1931.]

*Decided June 10th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*L. Wethered Barroll* and *Fendall Marbury,* with whom was *William L. Marbury* on the brief, for the appellant.

*Paul F. Due* and *Palmer R. Nickerson,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

On January 10th, 1930, H. D. Affleck, plaintiff and appellee, was riding as a guest in an automobile owned and driven by Fred Lange, defendant and appellant, on the Reisterstown Road, at or near its intersection with Milford Avenue, when it collided with an automobile driven by Lester See, resulting in serious injuries to the appellee, for which he sued and recovered a judgment, from which this appeal is taken.

The appellant, on the day of the accident, had gone to Westminster on business and had asked the appellee to go with him "for company's sake." On their return to Baltimore, as they approached Milford Avenue, which breaks off from the westerly side of the Reisterstown Road south of Pikesville, they saw a car coming north on their left, or east side of the road, with which they collided at the junction of the two roads. The See car, as it approached Milford Avenue, had slowed down, the driver intending to cut across the Reisterstown Road and turn into Milford Avenue. Lange said he did not notice the other car until he was within twenty or twenty-five feet of it. He "might have seen him further down but didn't pay no attention to that individual car." The road was straight, with no evidence that there was anything on it to obstruct his view.

The questions submitted by the appellant for decision are the refusal of the trial court to instruct for the defendant for want of legally sufficient evidence, and two exceptions to rulings on evidence.

The appellant's sole reliance for the contention that his prayer for an instructed verdict should have been granted is the decision in *Burhans v. Burhans,* 159 Md. 370, 150 A. 795, 797, in which the evidence was that the defendant, in suddenly turning her car to avoid hitting a dog, ran the car

into a culvert, resulting in the injuries there complained of. In the opinion in that case, written by Judge Pattison, it was said: "Because of the peril of the position in which she was placed by the presence of the dog in the road so near to her car, and the possible consequence resulting from a collision with it, she is not held to the same accuracy of judgment as is required of her under ordinary circumstances. And though a course of action other than that which she pursued might have been more judicious, she is not to be held liable for her error of judgment in pursuing the course she did, if in so doing she acted with such care and caution as ordinarily prudent persons would have exercised under the stress of like circumstances. 42 C. J., page 890, sec. 592; *Massie v. Barker,* 224 Mass. 420, 113 N. E. 199; *Leslie v. Catanzaro,* 272 Pa. 419, 116 A. 504." In the instant case, however, the evidence fails to disclose any such emergency as the driver faced in the *Burhans* case. The paved or improved portion of the Reisterstown Road at the point of the accident was twenty-one feet wide, so that there was a distance of ten and a half feet on each side of the center line. In addition, there was a space of several feet of solid dirt road on each side of the pavement. The appellant's testimony was that See "was cutting over, angling over to get over to make that turn he wanted to make, I presume, a left-hand turn there." See's car was, "I judge, several feet past the dividing line; that is, when we came together." But he also testified: "If I would have turned possibly a little more to the right it might be possible that the accident could have been avoided." In other words, if he had done what he could and should have done there might not have been a collision, regardless of his charge of negligence against the driver of the other car. If the defendant was negligent and that negligence caused or contributed to the passenger's injuries, the defendant is responsible, even though another, and a stranger to the suit, did contribute to the injury. *Gordon v. Opalecky,* 152 Md. 536, 550, 137 A. 299; *Cumberland & Westernport Transit Co. v. Metz,* 158 Md. 424, 149 A. 4, 565.

Edward M. Evans, Jr., whose sister owned the car driven by See, testified: "We had gotten about * * * four feet off of the center of the road to the left of the center of the road when the car coming south (appellant's) I didn't see it * * * until it was about fifteen feet away from me." Asked whether the See car was "moving or had it stopped," he said, "I know if it was moving it was going very slow." Not sure whether it was moving at all.

David I. Morris, who had charge of a gas station at the intersection of the Reisterstown Road and Milford Avenue, and who was the only person, aside from the occupants of the two cars, who saw the collision, and whose attention was attracted when he "heard brakes go on real hard," saw the cars when they met at or near the center of the road, and testified that the skid marks of the appellant's car began fifty feet before the cars met, and when within four or five feet of the point of the collision the front wheels turned to the left; that is, toward See's car.

It is provided, amongst other requirements, by section 195 of article 56 of the Code, that, "upon approaching * * * a crossing of intersecting public highways * * * and in traversing such crossing * * * the person operating a motor vehicle or motorcycle shall have the same under control and shall reduce its speed to a reasonable and proper rate"; and by section 209, as amended by Acts 1929, ch. 224, that, "all vehicles, motor, horse-drawn or otherwise, when being driven upon the highways of this State shall at all times keep to the right of the center of the highway upon all highways of sufficient width, except upon streets or roads where traffic is permitted to move in one direction only, and except when overtaking and passing another vehicle, and unless it is impracticable to travel on such side of the highway."

In the instant case there is no evidence that the appellant's car crossed or projected beyond the center line of the Reisterstown Road, and there is evidence that the other car did extend over the center on the appellant's right of way. But the evidence is that, while the appellant was maintaining his right of way on which the other car had encroached, the ap-

pellant, by turning his car slightly to the right, might have gone safely by and have avoided the collision. *Carpenter v. Campbell Automobile Co.,* 159 Iowa, 52, 140 N. W. 225; *Huddy on Automobiles* (7th Ed.), sec. 347. See had slowed down to make the left turn into Milford Avenue, and a jury might readily have inferred that he was waiting for the appellant to go by before completing the turn into Milford Avenue, and that there was plenty of time and space for the appellant, in the exercise of that control and judgment which the law requires of the driver of a motor vehicle on a public highway, to turn out of the way of danger, and it is in this respect that this case differs from the rule in the *Burhans* case, *supra,* which the appellant urges this court, we think erroneously, to apply. See may have been negligent, but, without the concurring negligence of the appellant, of which there was legally sufficient evidence, the collision, with its resulting injury to the appellee, might not have occurred. Whether the injury to the appellee was caused or contributed to by the appellant was, under the facts stated, a question for the jury, and the prayer for an instructed verdict for the appellant was properly refused. *Gordon v. Opalecky, supra; Cumberland & Westernport Transit Co. v. Metz, supra.*

The appellant reserved two exceptions to rulings of the court on the evidence. The first was on the refusal of the court to strike out the answer of the witness Morris, as to the position of the cars when they collided, the concluding part of the answer being, "you could see the mark on the road just as plain as it could be where they turned in to the left and his hind wheels went right straight along, but the left had jumped up off the road and his hind part slided around to the right"; the court, before ruling, saying: "The answer of this witness, as I comprehend it, is based partly on what he saw as the car was moving, and partly on what he saw of the marks on the road. Is that correct, Mr. Witness?" The motion was then overruled and exception noted. The witness had already testified that he saw the cars come together and saw the marks made in the road by the appellant's car, and stepped off the distance from the point where the wheels

began to slide to the point of the collision. This was not objectionable as the expression of an opinion based on statements of others or on an assumption of fact, but was a recital of facts all within the witness' observation and knowledge. *Baltimore, C. & A. Ry. Co. v. Turner,* 152 Md. 216, 223, 224, 136 A. 609. He identified the marks immediately after they were made as those caused by the sliding or skidding of the appellant's car. *Cumberland and Westernport Transit Co. v. Metz,* 158 Md. 424, 452, 149 A. 4, 565. Objection was made in the brief by the appellant to the form of the court's inquiry of the witness, but as the record shows it was not objected to at the trial, it cannot be ruled on here.

The remaining exception is substantially a repetition of that to the motion just considered, and what we have said of it also applies to this exception.

Finding no error in the rulings at the trial, the judgment will be affirmed.

*Judgment affirmed, with costs.*