[No. 24516.   Department One.   December 18, 1933.]

R. G. STILL, *Respondent*, v. FRANK SWANSON, *Appellant.*[1]

*Ralph S. Pierce* and *Edwin J. Cummins,* for appellant.

*Vanderveer & Bassett* and *Austin F. Case,* for respondent.

[1]Reported in 27 P. (2d) 704.

MITCHELL, J.—This is an action brought by R. G. Still against Frank Swanson to recover damages for personal injuries sustained in a collision between automobiles on the highway between Seattle and Tacoma. The jury returned a verdict for the plaintiff, which, upon being reduced else a new trial would be granted to the defendant, was accepted by the plaintiff. The defendant has appealed.

The charge of negligence against Swanson upon which the case was tried was reckless driving, consisting of excessive speed and lack of control of his automobile.

The accident occurred about dark, in the month of February, about 6:25 o'clock in the afternoon, about six miles north of Tacoma. The highway, which runs north and south, consisted of two paved strips, each twenty feet wide, separated by a strip of gravel four feet wide. There was an improved shoulder on each side of the highway.

There was a sharp conflict in the evidence of the respective parties upon material features of the case. On behalf of the respondent, as the jury were warranted in viewing it, the evidence was substantially as follows: Respondent, going north, was driving a Chevrolet coupe thirty to thirty-five miles an hour along the easterly side of the east pavement when, without warning, the rear right side of his coupe was suddenly struck by an automobile entering the highway from another road. The force of the collision somewhat dazed the respondent and unsettled the course of his coupe; and in getting it under control, he traveled diagonally across the pavement about one hundred feet and brought his coupe to a standstill at an angle toward the northwest with the front wheels on the graveled strip. While in this position and before respondent had time to get out of his coupe, the

appellant, Swanson, accompanied by Rudolph Kowalski, a friend and guest, driving an automobile south on the west pavement at a speed of fifty or more miles per hour, running partly on the left side of the pavement and partly on the graveled strip, struck respondant's coupe so violently as to practically demolish it, and severely injured the respondent.

A disinterested witness, driving south along the highway, was about two hundred and fifty or three hundred feet from the accident at the time it occurred. He testified that he was traveling fifty miles an hour, that the Swanson car had just passed him on the left or inner side of the west pavement, that, after passing him and down to the time of the collision, the Swanson car increased the distance between them some two hundred and fifty to three hundred feet, "and during that time he [Swanson] continued on the left hand side of the road, running on the dirt. About half his car was on the dirt."

Over appellant's objection, two witnesses were allowed to testify concerning skidmarks on the strip of gravel, along and across the west pavement, and across the shoulder of the highway on the west side of the pavement (at which latter place the appellant's car came to a standstill after the accident), all at the scene of the collision; one witness having examined the skidmarks the next morning and the other witness the second morning after the collision. Error is assigned on the admission of this testimony, the argument being that the observations were too remote in point of time to be of any probative value.

The element of time in such cases is, of course, important, but not necessarily controlling. Such observations within an hour in one case may possibly not be as convincing or dependable as a month after in another case, according to circumstances. In the pres-

ent case, it is reasonably certain the witnesses had in mind the place at which the collision occurred, of which there was corroboration by a large grease spot on the ground caused by the leakage of oil from a crankcase and a spot of acid from a battery, respondent's car having been broken in both respects; and also corroboration by a Chevrolet metal plate picked up at the scene of the accident giving the car number of respondent's coupe. Altogether, the testimony concerning the skidmarks was sufficiently substantial and dependable to make it admissible. Its weight was for the jury.

The appellant testified in his defense that he left Georgetown at five minutes to six and drove twenty-four miles to the place of the accident, which occurred at 6:45 o'clock that evening, that is, less than thirty miles an hour. This was manifestly intended as a circumstance or substantial evidence to meet the charge and proof of excessive speed at and about the time of the accident, as alleged and supported by testimony against him. It became quite proper, therefore, in rebuttal, to overcome his proof in detail, if warranted by the facts.

For that purpose, it was accepted as true that appellant left Georgetown at five minutes to six, and, to show that the accident happened earlier than 6:45 o'clock, respondent called one Isaacson, an inspector for the North Coast Transportation Company, operating auto stages between Seattle and Tacoma, who, producing original written records of the company, testified that, on the evening of the collision, the regular stage driven by one Coble left the Seattle terminal at 5:30, followed by an extra driven by one Baker. The written record was made by Isaacson, in his own handwriting, in the performance of his duties, and as the stages left the Seattle terminal. He testified that the

stage driven by Coble left at 5:30 o'clock in the afternoon. The written record was admitted in evidence.

Coble, called as a witness, upon identifying a printed time table of the transportation company, in effect at that time, to refresh his memory, testified that, on that run, his stage was due to leave Seattle at 5:30, and on the way to Tacoma arrive at Kit's Corner at 6:23 o'clock, which was within three-quarters of a mile of the scene of the accident, and that, of his own independent recollection he left Seattle at the time designated, was on time that night, and arrived at the scene of the collision at 6:25 o'clock, just after the collision evidently took place. The time table was admitted in evidence. All of this evidence was admitted over appellant's objection, and is the basis for assignments of error.

In our opinion, the evidence was admissible. The argument against it is that the records were private documents, and not admissible in evidence, and that they were in the nature of hearsay testimony. Counsel cite and rely upon *Tool v. Franklin Inv. Co.*, 158 Wash. 696, 291 Pac. 1101, and *Dunn v. Buschmann*, 169 Wash. 395, 13 P. (2d) 69. The first of the cases is not in point because the writings in question in that case were hospital records made by one not called as a witness; and in the other case the writing showed on its face that it was made upon hearsay. In this case, however, the witness Isaacson testified with respect to written entries made by himself in the regular course of his business.

In *State v. Douette*, 31 Wash. 6, 71 Pac. 556, entries in a hotel register were held properly admitted in evidence, as between third parties, upon the testimony of the person who made the entries or saw them made. In *Callihan v. Washington Water Power Co.*, 27 Wash. 154, 67 Pac. 697, 91 Am. St. 829, 56 L. R. A. 772, ap-

proving the admission of a trip report of a conductor on a street car to show the number of passengers carried, it was said:

"It is difficult to discover any sound reason for allowing the witness to refresh his memory from a memorandum or writing, then testify to a fact furnished by the writing, but which he could not have testified to without the aid of the writing, and then exclude the writing which was the basis of the testimony."

Also, see *State v. Shinborn,* 46 N. H. 497, 88 Am. Dec. 224.

■ Admitting the time table in evidence upon its being fully identified was proper. It contained information the drivers necessarily were familiar with and related to the public service of a common carrier. In *Western Union Telegraph Co. v. O'Fiel,* 47 Tex. Civ. App. 40, 104 S. W. 406, the time table of a railroad was held properly admitted on an issue between third parties to prove the schedule of trains, and in *Louisville & N. R. Co. v. Daniel,* 122 Ky. 256, 91 S. W. 691, 3 L. R. A. (N. S.) 1190, the time sheet of a train dispatcher was held proper evidence to show the time of departure and arrival of trains and the position of trains at different times along the line. To the same effect, see subject "Application to Books of Carriers" at p. 530, in note to *State Bank of Pike v. Brown,* 165 N. Y. 216, 59 N. E. 1, 53 L. R. A. 513.

■ This testimony as to speed over the whole course or distance, to which appellant's testimony was directed, was admissible and proper as tending to show that the accident occurred prior to 6:25 o'clock that evening, and within less than half an hour after appellant claimed to have left Georgetown to travel the twenty-four miles, and to dispute appellant's testimony that the accident occurred at 6:45 o'clock.

■ Another formal assignment of error with re-

spect to the amount of the recovery is in no way discussed in the brief, nor argued orally. We consider it abandoned as a claim of error, although our examination of the record made necessary for other purposes satisfies us that the assignment is not well claimed.

Affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.